McCORD, Judge.
Appellant Robert' Edward Arnow is a retired state employee and a member of the state and county officers and employees retirement system. This is an appeal from a final declaratory judgment which determined that the spouse (Nell Margaret Ar- *1310 now) of appellant at the time of his retirement will not be entitled to retirement benefits if she survives him.
During his employment with the State, appellant contributed portions of his salary to the retirement system and upon retiring, he elected the option provided in § 122.-08(4), Fla.Stat., 1969, which states in pertinent part as follows:
“Any state or county .officer or employee shall have the right at any time prior to receipt of his or her first monthly installment of retirement compensation to elect to receive a reduced retirement compensation with the provision that the surviving spouse shall continue to draw such reduced retirement compensation, or one-half thereof if so designated, so long as such spouse shall live. The amount of such reduced retirement compensation shall be the actuarial equivalent of the amount of such retirement compensation otherwise payable to such officer or employee . . . Any officer or employee shall have the right at the time of retirement to change the option so provided; and, should the option be changed or not at the time of retirement, such option shall be effective immediately upon retirement and thereafter may not be revoked.”
Appellant retired on April 14, 1971, and selected one of the options available to him at the time under the above statute. Under such option, he gave up the retirement benefits which he would normally be entitled to receive and elected to receive the actuarial equivalent thereof in a reduced amount to him for the balance of his life with one-half of such amount to go to his spouse, Nell, for the balance of her life if she survived him. Sometime subsequent thereto, the marriage between appellant and Nell was dissolved, and appellant married Myrtle Collins Ar-now. He then requested a certification from the administrators of the retirement system to the effect that in the event of his prior death, Nell, if she survived him, would be paid the monthly benefits under the foregoing option which he had selected when he retired. Appellee, the Department of Administration, ruled, however, that no monthly benefits would be paid to Nell because she would not be his surviving spouse. On previous such occasions, the Department has also ruled that the retirement benefits would not be paid to the spouse to whom a retiree was married at the time of his death if such spouse was not his spouse at the time of his retirement and election of the option.
The Department contends, and we agree, that the retirement benefits vest at the time of retirement and at the time the retiree receives his first retirement check. City of Jacksonville Beach v. State, 151 So.2d 430 (Fla.1963). As to a retiree’s spouse at the time of his death who was not his spouse at the time of his retirement, the Department’s position is that such spouse would not be entitled to receive benefits because the retirement rights vested at the time of retirement. The reduced benefit became fixed at that time and the actuarial equivalent of what the retiree would otherwise have received during his life was determined and fixed from a combination of his life expectancy at his then age and his then spouse’s life expectancy at her then age. Thus, if his spouse at the time of his death was not the spouse upon whose age the actuarial equivalent had been determined, that spouse would not be entitled to the benefits. With this we also agree.
The Department also takes the position that the retiree’s benefit may not be recalculated after he retires and receives his first retirement check to give him what he would otherwise have received had he not elected the option. With this we also agree. § 122.08(4) above quoted provides:
“Such option shall be effective immediately upon retirement and thereafter may not be revoked.” (Emphasis supplied.)
As to the question presented in this case, however, we cannot agree with the Department’s contention. Such contention is inconsistent with the other positions it has taken and is inconsistent with a logical and just construction of the above statute. It looks only to the words “surviving spouse” *1311 in the foregoing statute and reasons that since Nell is now a divorced wife and will therefore not be appellant’s surviving spouse at the time of his death, she will not be entitled to the benefits appellant elected. Under this reasoning, any benefits which she otherwise would have received (or which would have gone to the retiree had the election not been made) will remain in the retirement fund. If the Department looks only to the words “surviving spouse” the benefits should be paid to Myrtle if she is his spouse at the time of his death, but this it cannot do for the reasons aforesaid. Appellant is thus caught in a Catch-22 situation in which his spouse at the time of his death is not entitled to the benefits because she was not his wife at the time the retirement rights vested. The spouse at the time the rights vested will not be entitled to the benefits because she will not be his wife at the time of his death. He is not entitled to a reassessment of his benefits so that he can draw the increased amount which he otherwise would be entitled to receive had he not elected the option because the option cannot be revoked after retirement.
The only logical interpretation of this statute is that all rights vest at the time of retirement. At that time if the retiree elects an option under which his spouse will benefit if he predeceases her, that person who is his spouse at the time of the election and upon whose age the actuarial equivalent is determined acquires vested rights in the option which the retiree elected. Nowhere in the retirement law is there any indication that dissolution of marriage will terminate a spouse’s retirement benefits unless it is inferred in the phrase “the surviving spouse shall continue to draw such reduced retirement compensation, or one-half thereof if so designated, so long as such spouse shall live.” We cannot read such an unjust interpretation into the phrase. If the Legislature had intended for dissolution of a marriage to cut off benefits to such a spouse, we believe it would have said so in explicit terms. Such spouse is the surviving spouse for retirement benefit purposes, since such spouse was the retiree’s spouse at the time the retirement benefits vested. In our view, the reference to the surviving spouse in the context in which the statute is written, means the retiree’s spouse at the time he retires and designates such spouse to receive the reduced benefits for the balance of her life if such spouse survives him.
We have considered appellant’s claim for attorney’s fee but find such is not authorized.
We do hereby determine that the foregoing decision is one which passes upon a question of great public interest as contemplated by Section 3 of Article V of the Constitution of Florida.
Reversed.
RAWLS, Acting C. J., concurs.
SMITH, J., dissents.