ORFINGER, Judge.
Appellants appeal the issuance of a temporary injunction[1] enjoining them from engaging in activities which constitute the unauthorized practice of dentistry. For the reasons set forth, we reverse.
The action below was brought to enjoin alleged violations of Chapter 466, Florida Statutes (1979), the Dental Practice Act. Appellant contended below and contends now that appellee is not the proper party to bring such action. The trial court disagreed and specifically held that appellee was a proper party. Because of our ruling on this point, we will not discuss the other issues raised by appellants.
Appellee supports her position as the proper party plaintiff by citing section 455.-227(3), Florida Statutes (1979), which says in part that “the department [of Professional Regulation] may file a proceeding in the name of the state seeking issuance of an injunction .. . against any person ...” who violates any provision of law with respect to regulated professions. She also contends that section 20.05, Florida Statutes (1979), gives her, as Secretary of the Department, the power and authority to execute the powers, duties and functions vested in that Department.
Unlike the situation in Starchk v. Wittenberg, 392 So.2d 1007 (Fla. 5th DCA 1981), this action was brought in appellee’s repre *1003 sentative capacity, since it was styled “as Secretary of the Florida Department of Professional Regulation.”[2] In Starchk, this court said:
Section 20.05, Florida Statutes (1979), provides that each head of a department of the executive branch of state government shall execute the powers, duties and functions vested in that department. This general statement of the authority of a department head to exercise the authority of a governmental agency authorizes neither the disregard of the clear language of the above statute that such action be brought in the name of the state nor the bringing of a legal action in the personal name of the department head.
The question here is whether a suit by the Secretary in her representative capacity as the head of the Department of Professional Regulation satisfies the statutory requirement that suit be filed in the name of the state. We think not.
We do not find that this specific question has been before the courts in Florida. However, it is a basic principle of law that
While the “powers of government”, that are divided and limited by the constitution cannot legally be delegated or exercised except as authorized by the constitution, yet valid and appropriate statutes may, within organic limitations, confer upon officers or commissions or boards, administrative or ministerial authority and duties, which may require the exercise of administrative discretion and judgment. But in all cases when the rights of life, liberty or property are materially affected by the exercise of official administrative or ministerial discretion and judgment, due process of law must be afforded; and the proceedings must accord with valid statutory requirements; for such proceedings have a legal basis only in a compliance with valid statutory provisions conferring the authority. The official act is authorized only when the material provisions of the statute authorizing or regulating action are obeyed.
Williams v. Kelly, 133 Fla. 244, 182 So. 881 (1938).
The right of a state officer to bring an action in his or her capacity as such officer is discussed in 81A C.J.S. States § 297 (1977) thusly:
Capacity of state board or officer to sue as such. The state may prescribe by statute cases in which its officers or agents may sue in their own or official names, and, where a state board or commission constitutes a legal entity distinct from the state, it will ordinarily be accorded the power to sue, and the state’s inherent right to sue in its own courts extends to any of its sovereign agencies possessing the requisite capacity. On the other hand, a state board or commission which is not an entity apart from the state, lacks capacity to sue in its own name in the absence of statutory authorization, and, where the statute extends capacity to sue to the board or officer only under prescribed circumstances, suit may not be brought where the facts fail to bring the case within the purview of the statute, (emphasis added).
Id. at 941, 942.
Had the Legislature intended the Secretary to have the right to bring the action in her official capacity it would have said so. Section 455.211(1) specifically gives “the secretary of the department standing to challenge any rule or proposed rule of a board ...” Section 455.211(2) states that “either the secretary or the board shall be a substantially interested party for purposes of § 120.54(5).” Section 455.225, in discussing disciplinary proceedings, gives the secretary power to grant certain extensions of time. So it would seem that where the Legislature intends to give the secretary standing to bring the action, as secretary of the department, it has said so. In this instance, the statute requires the action to be brought by the department in the sovereign name of the state.
*1004 Appellants’ motion to dismiss on the ground that the secretary had no standing to bring the action should have been granted, so the order granting the temporary injunction is reversed and the cause is remanded to the trial court with directions to dismiss the complaint.
REVERSED and REMANDED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.

. Fla.R.App.P. 9.130(a)(3)(B).

. In Starchk, this court held that the title used was merely descriptio personae. See also Thomas v. Martin, 100 Fla. 146, 129 So. 602 (1930).