413 So.2d 776 (1982)
Rex C. BISHOP, Jessie N. Karp, and Stanley E. Rosenberger, Appellants,
v.
STATE of Florida, DIVISION OF RETIREMENT, Appellee.
No. AE-458.
District Court of Appeal of Florida, First District.
March 22, 1982.
Rehearing Denied May 21, 1982.
*777 Bonnie S. Satterfield of Patterson & Traynham, Tallahassee, for appellants.
William A. Frieder, Miami, for appellee.
McCORD, Judge.
Appellants, three retired teachers, appeal from a final order of the State of Florida Division of Retirement, denying their request for either appropriate adjustments in their annuity payments under the Teachers Retirement System or return of the funds they had contributed to the annuity program under that system.
Appellants are teachers who retired in 1973 and 1974, respectively, having satisfied the requirements of Section 238.07(2)(d), Florida Statutes (1973) (Plan D), of the Teachers Retirement System. This plan allows for a teacher's retirement upon reaching the age of fifty after twenty-five years of service. It provides a pension equal to 1% of the individual member's average final compensation for teaching times the number of years served as a teacher. It also provides an annuity funded by the individual teacher's accumulated contributions. Plan D was designed to provide an annual retirement allowance equal to approximately one-half of the average final compensation of the teacher after twenty-five years of service at age fifty.
An actuary assisted in setting up Plan D in 1946; however, no actuary was again utilized by the administrators of the fund to review the plan until the mid-1950's. The initial rate of an individual teacher's contribution to Plan D had been set at 9.24% to 13.58% of his or her salary, depending upon the teacher's age when entering the plan. By 1951 it had become apparent to the administrators that Plan D was not obtaining the funds required to provide the 1% annuity. This shortfall was due to several factors: a failure to update the actuarial review, low earnings on investments, and increasing teacher's salaries. Despite this shortfall, the contribution rate was raised only once in 1957 to 9.49% to 13.83% of salary because of a legislative increase in the Survivor's Benefit Fund. § 238.09(5), Fla. Stat. (1957). As a result of this shortfall in Plan D, appellants are receiving approximately $1,000 less per year in retirement pay, respectively. While the appellants retired in 1973 and 1974, this petition for administrative relief pursuant to Section 120.57(1), Florida Statutes, was not initiated until 1980. Holding that the statute of limitations has run on appellants' claims, the hearing officer dismissed their petition. The Division of Retirement adopted this recommendation in its final order.
The question arises as to whether this claim sounds in contract or in tort. We are of the opinion that the legal relationship between the appellants and the Division of Retirement is that of contract. By electing to accept the provisions of Plan D, and having the necessary deductions drawn *778 from their salaries in order to fund the retirement annuity, petitioners, upon retiring, became entitled to their pensions. The terms of the agreement are to be found in the statute, Sections 238.07(2)(d) and 238.07(6), Florida Statutes. As such, the right to benefits provided under the pension plan became vested rights of contract. See State ex. rel. O'Donald v. Jacksonville Beach, 142 So.2d 349 (Fla. 1st DCA 1962), aff'd, 151 So.2d 430 (Fla. 1962).
The next consideration is at what time did the appellants' causes of action accrue. They retired in 1973 and 1974, at which time their retirement benefits vested. Arnow v. Williams, 343 So.2d 1309, 1310 (Fla. 1st DCA 1977). The Division thus urges that any breach of contract occurred as of the appellants' respective retirement dates and, therefore, that the statute of limitations has long since run on that breach. We disagree. It is well established that in the case of debts payable by installments, the statute of limitations runs against each installment from the day it becomes due. Isaacs v. Deutsch, 80 So.2d 657 (Fla. 1955). Here, the Division issues each month to appellants a retirement payment. If each payment is less than the amount to which appellants are entitled, the Division's failure to pay the amount to which they are entitled would constitute a continuing breach of contract. We, therefore, disagree with the hearing officer's and the Division's conclusion that the statute of limitations had run on this contract claim.
This conclusion, however, does not end our analysis. Section 238.07(6) provides:
Upon service retirement under plan D, a member shall receive a service retirement allowance which shall consist of:
(a) an annuity which shall be the actuarial equivalent of his accumulated contributions at the time of his retirement; and
(b) a pension, in addition to his annuity, of one one-hundredth of his final compensation multiplied by the number of his years of membership service since he last became a member; and
(c) if the member has a prior service certificate in full force and effect, an additional pension of one-fiftieth of his average final compensation multiplied by the number of years of service certified upon his prior service certificate.
As noted previously, the terms of the agreement are found in the statute, and nothing in Sections 238.07(2)(d) and 238.07(6) guarantees to appellants an annual retirement allowance equal to one-half of their average final compensation. Indeed, the Division's payments fully comport with these provisions, for the record affirmatively demonstrates that they are receiving the actuarial equivalents of their accumulated contributions. In other words, the Division and its predecessors have but created an expectancy that a compensation level of one-half of one's average final compensation be achieved. The failure to achieve that expectancy because of a shortfall in the annuity cannot be transformed into a breach of contract by the state.[1]
One might also argue that the appellants' claims sound in tort. Without deciding whether such an action would be appropriate, we observe that one must initiate a tort action against the state within three years after the claim arises. § 768.28(6), Fla. Stat. Appellants' benefits vested at the time of their respective retirements in 1973 and 1974. Arnow, supra. All the conceivably negligent acts or omissions of the state occurred prior to that time. Since all the facts known now were evident at that time, the statute of limitations provided by Section 768.28(6) ran several years ago.
Appellants have received their annuities since they retired in 1973 and 1974. They ask now, as an alternative prayer, *779 that their contributions to the annuity fund be returned to them on the theory that the Division of Retirement and its predecessors have been guilty of a breach of trust in not properly managing the fund. They make an equitable argument in this regard but cite no authority applicable to the facts of this case. There is no evidence that the state or its agents have committed an affirmative act by which an equitable estoppel could be declared against the State. See Greenhut Construction Co. v. Henry A. Knott, 247 So.2d 517, 524 (Fla. 1st DCA 1971). In the absence of such evidence, we decline to grant this alternative prayer for relief.
Accordingly, the final order of the Division of Retirement is AFFIRMED.
ERVIN and SHAW, JJ., concur.
NOTES
[1] In so ruling we do not decide whether the limited waiver of sovereign immunity or breach of contract actions against the state in Chapter 120, Florida Statutes [See, generally, Graham Contracting, Inc. v. Dept. of General Services, 363 So.2d 810 (Fla. 1st DCA 1978)] applies to appellants' claims, which claims accrued before January 1, 1975, the effective date of the relevant provisions of Chapter 120. Ch. 74.310, § 6, Laws of Fla.