PER CURIAM.
This is an administrative appeal from a final order of the Department of Health and Rehabilitative Services, suspending for a period of ninety days appellant’s license to sell hearing aids, and imposing a $500.00 fine. We affirm the order with exception of that portion imposing both a fine and a suspension.
We reject appellant’s contention that the administrative complaint filed against him was improperly filed and subject to dismissal because it was not signed by the agency head of HRS. There is no statutory or rule requirement applicable to this case relating to who must sign an administrative complaint. The complaint in this case was signed by Mrs. Beamer, supervisor of the Hearing Aid Licensure Office of the Department of HRS. The complaint was preceded by notice to appellant given in the form of a letter from Mrs. Beamer, informing appellant of the intended action against him, and giving appellant the opportunity to defend his license at an informal conference. Appellant has not challenged Mrs. Beamer’s authority to give such notification, nor her appearance as the agency representative at the informal conference. See, Section 120.60(6). This court has previously approved a hearing officer’s interpretation of this statute as not contemplating a hearing before the agency, but an opportunity to show compliance at an informal conference with the agency or a representative of the agency, which may be its executive director or any other designatee who may be designated at any time by the agency to conduct such conferences. Sheppard v. Board of Dentistry, 385 So.2d 143 (Fla. 1st DCA 1980). This court agreed with the hearing officer in Sheppard that an agency is not required to formally designate a representative for purposes of an informal conference. We conclude that the same rule applies to the signing of an administrative complaint, in the absence of a specific statutory or rule requirement to the contrary. This is particularly so in view of the provisions of Model Rule 28-5.110(3), Florida Administrative Code, adopted by HRS, which provides that a determination of probable cause upon which to base an administrative complaint is a “non-adver-sáry executive function . . . . ”
Moreover, there appears in the record evidence of delegation of authority sufficient to authorize Mrs. Beamer’s signing of the complaint. By a communication dated November 30, 1978, authority was delegated by the Director, Central Operations Services, to “Director of the Office of Li-censure and Certification,” to “take such actions required for effective direction and administration of program operations of the Office of Licensure and Certification.” Paragraph C. of that document also provides “this authority may be exercised by any person designated as Director of the Office of Licensure and Certification or acting in that capacity.” Thus, this document delegates the requisite authority to the Director of the Office of Licensure and Certification, regardless of the individual holding that office. Such a general delegation of authority appears to be sufficient. Sheffield v. Department of Highway Safety & Motor Vehicles, 356 So.2d 353 (Fla. 1st DCA 1978). Although appellant argues to the contrary, it appears to us that the cases relied upon by appellant relate to final agency action, as opposed to the initiation of agency action, or to the standing of an agency head to file suit in her representative capacity. Cf. White Construction Co. v. Dept. of Transportation, 281 So.2d 194 *147 (Fla.1973); Kizar v. Wittenberg, 398 So.2d 1002 (Fla. 5th DCA 1981).
Appellant next argues that since under Section 468.138, any violation of Chapter 468, part II, is a misdemeanor of the second degree, the one year statute of limitations for prosecutions of misdemeanor charges under Section 775.15(2)(d) applies, and would bar the Department’s reliance upon any alleged infractions of the licen-sure law committed by appellant more than one year prior to the filing of the administrative complaint. We reject appellant’s argument, because the legislature has provided several methods of enforcing the provisions of Chapter 468, and there is no legislative intent manifested in any portion of the act to indicate that the limitation upon misdemeanor prosecutions would apply to the other enforcement remedies available to the Department. In the absence of specific legislative authority, civil or criminal statutes of limitation are inapplicable to administrative license revocation proceedings. 2 Am.Jur.2d, Administrative Law, § 322.
Next, we find without merit appellant’s argument that the Department’s issuance of a license to appellant during the pendency of administrative proceedings through its own administrative error amounted to a “ratification” of appellant’s unlawful conduct. We are aware of no authority which would produce such a result, and in this case we observe that such an interpretation would be manifestly contrary to the intent demonstrated by the agency in prosecuting the complaint against appellant to a final hearing. Further, we agree with appellee that the hearing officer’s findings of fact are supported by competent substantial evidence, and that the final order of HRS met the requirements of Section 120.57(l)(b)8 and 120.59(2), Florida Statutes.
Finally, by notice of supplemental authority, appellant has challenged the legality of the agency’s action in both suspending his license, and in assessing an administrative fine. We agree that this was error. Section 468.129, Florida Statutes, provides that the Department “may refuse to issue or renew or may suspend or revoke any certificate of registration or may impose an administrative fine not to exceed $500.00 per day for each violation, .. .. ” This case is controlled by the rule followed in Linkous, et al. v. Department of Professional Regulation and Board of Real Estate, 417 So.2d 802 (Fla. 5th DCA 1982), that where listed statutory penalties appear as a series of phrases separate by the disjunctive article “or,” the penalties are thus in the alternative, and the agency may impose one or the other of the penalties, but may not impose two or more penalties for the same conduct.
The order appealed from is affirmed with the exception of the penalty provision, and as to that provision the cause is remanded for entry of a-revised order imposing either fine or suspension, but not both.
LARRY G. SMITH, SHAW and JOA-NOS, JJ., concur.