443 So.2d 373 (1983)
Alam FARZAD, M.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, Florida Board of Medical Examiners, Appellee.
No. AP-337.
District Court of Appeal of Florida, First District.
December 30, 1983.
Joseph R. Boyd, Michael L. Berry, Boyd & Smith, Tallahassee, and Melvin A. Rubin, Miami, for appellant.
Joseph W. Lawrence, II, Chief Atty., Dept. of Professional Regulation, Tallahassee, for appellee.
LARRY G. SMITH, Judge.
Appellant, a licensed physician, appeals an order of the Board of Medical Examiners imposing a reprimand upon her for misconduct. She argues (1) that the Board's action is barred by the statute of limitations, and laches; (2) that the Board is without jurisdiction, as her alleged misconduct occurred in 1972, three years before she received her Florida license; and, (3) that there is no competent substantial evidence of intentional misconduct on her part since the record establishes that her 1972 action was coerced.[1] We affirm the order on appeal.
*374 Certain background facts must first be related. Appellant and her former husband, Kiumaris Bakshandeh, moved to the United States in 1971 from Iran where they had both studied medicine and received medical degrees. Her sister, Iran Farzad Rafael, a medical doctor in Iran, was also living in the United States. Prior to February, 1972, appellant's sister took an examination for foreign medical graduates administered by the Educational Council for Foreign Medical Graduates (ECFMG) three times and failed it each time. A passing grade was required before a foreign medical graduate could become eligible to take medical training in an intern program in the United States. Upon completion of the training for foreign professionals, another examination was required to be passed in order to become licensed in a state.
Appellant's misconduct, which resulted in this disciplinary proceeding, occurred as follows: At the request of her husband, appellant flew to Chicago in February, 1972, to take the ECFMG examination for her sister. Appellant went to the examination site with the entrance papers she had taken from her sister, forged her sister's name at the examination site, and took the examination using her sister's name. Her sister, armed with the passing grade on the examination taken for her by appellant, went on to complete her internship and obtained an Illinois medical license in 1976, specializing in physical medicine and rehabilitation.
Knowledge of appellant's deception came to the Board in an unusual way. In 1976, appellant and her husband began divorce proceedings. Appellant's former husband used his knowledge concerning the 1972 incident to coerce appellant into signing a property settlement and custody agreement in the pending divorce proceeding. In early 1978, appellant instituted proceedings in Dade County Circuit Court to set aside the child custody and support provisions contained in the final judgment of dissolution on the grounds of her husband's coercion and duress. After a lengthy hearing, the circuit court granted appellant's motion to set aside the agreement and awarded custody of the couple's minor daughter to appellant. The Third District Court of Appeal affirmed. See, Bakshandeh v. Bakshandeh, 370 So.2d 417 (Fla. 3rd DCA 1979). In the concluding paragraph of its decision, the court noted that appellant had taken the ECFMG examination for her sister and observed that the appropriate medical authorities should have knowledge of this fact. On April 24, 1979, the Clerk of the Third District Court of Appeal forwarded a copy of the court's opinion to the Board for appropriate action. This was the first notice the Board had concerning the 1972 incident.
On August 18, 1981, the Board filed an administrative complaint charging appellant with violating Section 458.1201(1)(b), (k) and (m), Florida Statutes (1977).[2] Appellant moved to dismiss the administrative *375 complaint on the grounds that it was barred by the statute of limitations and/or laches, which was denied. After a hearing, the hearing officer entered a recommended order finding that the Board had not proved that appellant violated Section 458.1201(1)(b) by practicing fraud or deceit in obtaining a license to practice medicine for her sister, reasoning that the ECFMG examination was a qualifying examination, not a final examination for licensure.[3] However, the hearing officer found that the Board had sustained its allegation that appellant violated Section 458.1201(1)(m). The hearing officer determined that the facts demonstrated an intentional act of misconduct by appellant which resulted in her sister receiving a benefit to which she was not entitled and that these actions constituted immoral or willful misconduct. The hearing officer recommended that the Board impose a private letter of reprimand. The Board adopted the hearing officer's recommended order with the exception of the penalty provision.
Appellant's contentions that this action is barred by the statute of limitations contained in Section 95.11(3)(p), Florida Statutes (1981), and laches, must be decided adversely to her. In Donaldson v. State Department of Health and Rehabilitative Services, 425 So.2d 145, 147 (Fla. 1st DCA 1983), this court ruled that in the absence of specific legislative authority, civil or criminal statutes of limitation are inapplicable to administrative license revocation proceedings. Compare, The Florida Bar v. McCain, 361 So.2d 700 (Fla. 1978). We find no legislative intent manifested in Chapter 458 that the limitation provisions of Chapter 95 should be applicable to disciplinary proceedings against a physician.
Although Donaldson indicates that Chapter 95 is not applicable to this administrative proceeding in the absence of contrary legislative intent, appellant urges that our decision in Bishop v. State of Florida, Division of Retirement, 413 So.2d 776 (Fla. 1st DCA 1982), dictates a contrary result. In Bishop, three teachers who had retired in 1973 and 1974 filed a petition for administrative relief in 1980 seeking adjustments in their annuity payments under the Teachers Retirement System, or return of the funds they had contributed to the annuity program under that system. The hearing officer dismissed their petition on the grounds that the statute of limitations had run on their claim and the Division of Retirement adopted this recommendation in its final order. This court disagreed that the statute of limitations had run, concluding instead that the teachers' claims sounded in contract rather than tort, and that since the contract called for payment in installments, the statute of limitations would run against each installment only from the day it became due. Nevertheless, the court affirmed the final order finding no breach of contract on the state's part. Bishop involved an action which was an administrative substitute for the common law remedy of a suit for breach of contract, rather than a disciplinary proceeding brought in the name of the sovereign, as here. We hold that this administrative disciplinary proceeding is not barred by Section 95.11(3)(p), Florida Statutes (1981).
Having found that the statute of limitations is not applicable, we are persuaded that the parallel concept, the doctrine of laches, usually utilized in equitable proceedings, is similarly inapplicable to this *376 administrative license revocation proceeding. On this issue we follow the line of authority reflected in the collection of cases discussing the applicability of the statute of limitations or doctrine of laches to a proceeding to revoke a license to practice medicine found in the Annotation, 63 A.L.R.2d 1080 (1959).
Next, we address appellant's contention that Florida is without jurisdiction to invoke disciplinary measures since the 1972 incident occurred three years before her licensure. In response, appellee relies on Gould v. State, 99 Fla. 662, 127 So. 309 (1930), in which the Supreme Court stated that an attorney could be disbarred for misconduct which occurred prior to his licensure. See also State ex rel. Turner v. Earle, 295 So.2d 609 (Fla. 1975). Similarly, appellee reasons that it may consider acts of misconduct which occurred prior to licensure when taking disciplinary action against a licensee.
However, we are constrained to point out that there is a distinction between attorney disbarment proceedings and disciplinary proceedings against a physician under Chapter 458. Disciplinary proceedings against an attorney are within the exclusive jurisdiction of the Florida Supreme Court. Art. V, § 15, Fla. Const. As recognized in Gould v. State, 127 So. at 311, the court has inherent power vested in it to control the conduct of its own affairs and to maintain its own dignity.
On the other hand, disciplinary proceedings against physicians are governed by statute, and the rule is clear that where statutes authorizing revocation of a license to engage in the practice of a profession are invoked, the provisions of the statutes must be strictly construed and strictly followed, because the statute is penal in nature. State ex rel. Jordan v. Pattishall, 99 Fla. 296, 126 So. 147 (1930).
With this distinction in mind, we are reluctant to extend the rule of Gould v. State to cover the situation presented here. In Gould, the misconduct occurred immediately preceding Gould's admission to the bar; whereas, in this case, the misconduct occurred three years prior to licensure. We note also that while the Gould court permitted disciplinary action against an attorney based on misconduct which occurred prior to admission to the Bar, other jurisdictions are split on this issue. Annot., 92 A.L.R.3d 807 (1979). However, we need not decide this issue in order to affirm the Board's order.
In its administrative complaint, the Board alleged that appellant was guilty of the following conduct:
On or about February, 1972, the respondent [appellant] took a medical examination in the State of Illinois on behalf of her sister, Alam [sic] Farzad Rafael [sic], for said sister's admission to a medical training program as a foreign physician in the State of Illinois. The respondent [appellant], in taking the medical examination used her sister's name.
For this conduct appellant was charged with violating Section 458.1201(1)(b), (k) and (m). See footnote 2, supra. At the subsequent administrative hearing, appellant's application for licensure in Florida was introduced into evidence as an exhibit. On her application, appellant was asked, among other things, to give her name in full and to list all other names she had used. In response, appellant listed only her married name. She did not advise the Board that she had ever used her sister's name, or in particular that she had used her sister's name on the ECFMG examination.
The hearing officer found that appellant went to the ECFMG examination site with the examination papers she had taken from her sister, forged her sister's name at the examination site, and took the examination using her sister's name. This finding of fact is not disputed by appellant. Most significantly, the hearing officer further found that "since the facts relating to the 1972 incident were withheld from the Board of Medical Examiners by the respondent [appellant] at the time of her licensure in 1975, the Board's decision to issue a license was not made on the basis of the actual facts." This finding is likewise not disputed by appellant. Accordingly, we find that the Board sustained the charge that appellant practiced fraud or deceit in *377 obtaining a license (her Florida license) to practice medicine contrary to Section 458.1201(1)(b).
Although the Board's order taking disciplinary action against appellant is grounded upon Section 458.1201(1)(m) rather than Section 458.1201(1)(b), we find no prejudice to appellant. Appellant was charged with conduct which violated Section 458.1201(1)(b). At the administrative hearing, evidence was introduced which sustained the charges alleged in the administrative complaint. The Board's misdesignation of Section 458.1201(1)(m) as the grounds for disciplinary action against appellant is harmless under the circumstances.
Finally, we have examined the record and exhibits introduced below and we find that the hearing officer's findings of fact which were adopted by the Board are supported by competent substantial evidence.
The order is affirmed as modified.
WENTWORTH and JOANOS, JJ., concur.
NOTES
[1] Appellant also challenges the Board's action in increasing the penalty to a public reprimand, rather than a private reprimand as recommended by the hearing officer. The hearing officer found that appellant had violated Section 458.1201(1)(m), Florida Statutes (1977) for which he recommended the lowest penalty, a private reprimand, pursuant to Section 458.1201(3)(a)3., Florida Statutes (1977). The Board adopted the hearing officer's findings of fact and conclusions of law, but mistakenly applied Section 458.331(2)(e), Florida Statutes (1979), when it determined that the lowest penalty available was the "issuance of a reprimand." Subsequent to this appeal, the Board met, conceded this error, and ordered a private reprimand. This point raised by appellant is therefore moot.
[2] Section 458.1201(1)(b), (k) and (m) provides:

(1) The board shall have authority to deny an application for a license or to discipline a physician licensed under this chapter or any antecedent law who, after hearing, has been adjudged unqualified or guilty of any of the following:
* * * * * *
(b) Making misleading, deceptive, untrue, or fraudulent representations in the practice of medicine; employing a trick or scheme in the practice of medicine, practicing fraud or deceit in obtaining a license to practice medicine; or making a false or deceptive annual registration with the board.
* * * * * *
(k) Violating a statute or law of this state, any other state, or the United States (without regard to its designation as either felony or misdemeanor), which statute or law relates to the practice of medicine or in part regulates the practice of medicine.
* * * * * *
(m) Being guilty of immoral or unprofessional conduct, incompetence, negligence or willful misconduct. Unprofessional conduct shall include any departure from, or the failure to conform to, the standards of acceptable and prevailing medical practice in his area of expertise as determined by the board, in which proceeding actual injury to a patient need not be established when the same is committed in the course of his practice whether committed within or without this state.
[3] With respect to the charge that appellant had violated an Illinois statute regulating the practice of medicine contrary to Section 458.1201(1)(k), the hearing officer noted that the Illinois statute in question, Section 16r of Chapter 91 of the Illinois Medical Practice Act, states:

Any person who employs fraud or deception in applying for or securing a license under this Act, or in passing any examination therefor; is guilty of a misdemeanor, and upon conviction thereof shall be punished as provided by Section 35.1. (emphasis supplied).
The hearing officer felt that appellant had not violated the Illinois statute by taking the ECFMG examination for her sister since this examination was merely a qualifying examination and the Illinois statute, being penal in nature, should be strictly construed to mean passing an examination for licensure as a physician.