SHIVERS, Judge.
Appellant appeals the Board of Dentistry’s order finding that he is barred from maintaining a proceeding to challenge the results of his 1976 dental examination on the basis of laches and/or equitable estop-pel. We affirm.
Appellant, a licensed dentist in Massachusetts since 1953, participated in and failed the Florida dental licensure examina^ tions administered in 1974, 1975, 1976 and 1978. By petition dated May 6,1981, appellant challenged the grades he received on particular procedures conducted pursuant to these exams. A hearing was held on appellant’s petition on January 28th and 29th, 1982. At this hearing, appellant limited his challenge to the correctness of the scores he received on the June of 1976 examination. Specifically, appellant challenged the grades he received at the 1976 examination on the amalgam preparation and restoration procedures and the cast gold final restoration procedure.
Prior to the hearing conducted in 1982, appellant had hired an attorney to represent him in 1978 and in 1979 appellant’s attorney requested the Executive Director of the Board of Dentistry to produce appellant’s examination records. At that time, in 1979, all available examination documents were produced by the Board for appellant’s attorney. Nonetheless, appellant failed to initiate any action with respect to his examination results until 1981 based on his erroneous belief that Florida might enact a reciprocity statute whereby appellant could be licensed without taking an examination. Furthermore, the Executive Director of the Board of Dentistry testified that he was not told that appellant was bringing suit, nor that he should save any of appellant’s records, when appellant’s attorney requested appellant’s records in 1979. Pursuant to Florida Statutes Chapter 466, the Board of Dentistry (Board) destroys examination records every two years.[1] Accordingly, the 1976 exami *996 nation records likely had been destroyed by the time appellant’s attorney requested appellant’s records in 1979.
At the hearing held in 1982, appellant attempted to reconstruct all the pertinent records relating to his 1976 dental examination. Appellant even presented the testimony of the patient he actually worked on at the 1976 examination and pre- and post-examination x-rays of this patient’s teeth. However, appellant was unable to produce the actual grade sheets used by his examiners in 1976. These grade sheets generally contain check marks or comments which explain the grade given by the particular examiners.
In lieu of his grade sheets, appellant presented the testimony of an expert witness, Dr. Souviron. Dr. Souviron testified as to what grades he would have given appellant at the 1976 exam based on an examination of appellant’s patient for the 1976 exam and this patient’s above-mentioned x-rays. In rebuttal to Dr. Souvi-ron’s testimony, the Board presented the testimonies of Drs. Dannahower and Bliss, Board members and former examiners. Drs. Dannahower and Bliss did not testify as to what grades they believed appellant should have received at the 1976 examination. Rather, they testified that errors in a tooth could not be determined solely from an examination of x-rays and the candidate’s patient, and that many errors could only be determined at the time of the examination. Moreover, Dr. Dannahower testified that it would be next to impossible to say why a particular grade was given to a candidate, if he had to go back to a 1976 examination and did not have the candidate’s grade sheets for reference.
In the order adopted by the Board, the hearing officer accepted the testimonies of Drs. Dannahower and Bliss and found that without the grade sheets to indicate the criteria missed by appellant, it was not possible to determine why a particular grade was given on the procedures challenged by appellant. The hearing officer further found that appellant’s failure to timely file an appropriate challenge resulted in the Board’s proper destruction of appellant’s examination results which, in turn, effectively deprived the Board of an opportunity to adequately defend appellant’s challenge. Accordingly, the hearing officer held that the doctrine of laches and/or equitable estoppel barred appellant from challenging his 1976 examinations results. We find no error in the hearing officer’s order.
The elements of laches are set forth in Van Meter v. Kelsey, 91 So.2d 327 (Fla. 1956), the leading Florida case pertaining to this affirmative defense. The first element of laches is that there must be conduct on the part of the defendant, or on the part of one under whom he claims, giving rise to the situation of which complaint is made. The conduct in this case is the Board giving appellant a failing grade on his 1976 examination.
The second element of laches is that plaintiff, having had knowledge or notice of the defendant’s conduct, and having been afforded the opportunity to institute suit, is guilty of not asserting his rights by suit. Here, appellant received his 1976 examination results approximately six weeks after the examination had been administered, yet failed to request an administrative hearing until 1981 — five years after he had taken the 1976 examination and three years after the 1976 examination records likely had been destroyed. Under these facts, we find this element of laches present.
The third element of laches is lack of knowledge on the part of the defendant that plaintiff will assert the right on which he bases his suit. The earliest that the Board might have had an inkling that up- *997 pellant would request an administrative hearing in connection with his 1976 examination was in 1979 when appellant’s attorney requested the production of appellant’s examination records. However, this request was made one year subsequent to the Board’s practice, as authorized by section 466.14(2), Florida Statutes, of destroying examination records every two years. Furthermore, the Board was not informed in 1979 that appellant would request an administrative hearing, nor was the Board requested to preserve from destruction any of appellant’s records. No formal request for an administrative hearing was made by appellant until five years subsequent to the 1976 examination. Again, based on these facts, we likewise find this element of lach-es present.
Finally, the fourth element of laches, and the most critical element as pertains to this case, is injury or prejudice to the defendant in the event relief is accorded to the plaintiff, or in the event the suit is held not to be barred. We find that the testimonies of Drs. Dannahower and Bliss to the effect that the Board could not verify the criteria missed by appellant without appellant’s grade sheets constitutes competent, substantial evidence, which evidence accords with logic and reason, upon which the hearing officer could properly find that this element was met. Accordingly, we find and hold that the four elements of laches are present under the facts of this case.
In support of his argument that the hearing officer’s order is error, appellant also argues that the doctrine of laches is not properly invoked in an administrative proceeding. Appellant cites this court’s recent decision in Farzad v. Department of Professional Regulation, Florida Board of Medical Examiners, 443 So.2d 373 (Fla. 1st DCA 1983), in support of his position. In Farzad, this court held that the doctrine of laches does not apply to license revocation proceedings. However, the policy behind not invoking the doctrine of laches in license revocation proceedings, in fact, supports applying laches to the present case. This policy is, as pertains to license revocation proceedings, that laches should not be a defense to proceedings conducted by the sovereign to protect the public. See Annot., 63 A.L.R.2d 1080 (1959). Similarly, the sovereign, through its administrative agencies, should not be prevented from invoking the affirmative defense of laches, in the interest of protecting the public from unqualified persons practicing their profession, where failure to apply laches would effectively deprive an administrative agency of its most effective evidence to rebut an applicant’s argument. Accordingly, we find and hold that the doctrine of laches was properly applied to the proceeding below. See generally, 2 Am. Jur.2d Administrative Law § 321 (as to laches in administrative proceedings).
The order on appeal therefore is AFFIRMED.
BOOTH and JOANOS, JJ., concur.

. Specifically, section 466.14(2), Florida Statutes (1975) and (1977), provides:
(2) All examination papers shall be filed with the secretary-treasurer of the board and kept for reference and inspection for a period of not less than 2 years. Examination papers while so retained shall be open to inspection only to board members and the executive director, the applicant himself, or by some person properly appointed by such applicant *996 to examine same or pursuant to an order of a court of competent jurisdiction in a proceeding where the question of the contents of any such paper or papers is involved. The said board shall make a record of the examination grade of each applicant which shall be preserved for the 2-year period as part of his examination paper.
Chapter 466, of the current Florida Statutes does not contain this provision.