ROBERT M. GROSS, Associate Judge.
In the trial court, appellee Gerald Bryan recovered a $339,563.15 judgment against appellant John Hannett. The primary issue on appeal is whether the five year statute of limitations for actions on a written contract[1] barred Bryan’s claim. We hold that it did not and affirm.
In 1972 Hannett orchestrated a real estate deal to purchase over 2,500 acres in Martin County, Florida. As part of the transaction, Hannett caused the formation of three partnerships: (1) Long Lake Enterprises (“Long Lake”) to take title to the property; (2) Hannett Investment Enterprises (“Hannett Investment”) to become a ten percent part *204 ner in Long Lake; and (3) Hannett Associates to be the syndicating entity, compensated by syndication fees paid by Long Lake. John Hannett was to receive forty percent of all syndication fees paid by Long Lake to Hannett Associates.
In November 1972 Bryan and Hannett executed a written assignment agreement. In that contract, Hannett assigned to Bryan one-half of Hannett’s interest in all future syndication fees to be paid by Long Lake to Hannett Associates.
Long Lake paid syndication fees to Han-nett Associates in 1978, 1979, 1980, 1981, 1982 and 1983. The total amount of these payments was $25,179.03. In 1987 Long Lake paid Hannett Associates $981,982.35 in syndication fees. Hannett Associates paid the correct share of all fees to Hannett, who paid nothing to Bryan.
In 1987 Bryan filed suit to enforce the 1972 agreement for his share of the syndication fees. As to the fees paid between 1978 and 1982, the trial court found that Bryan’s suit was barred by the statute of limitations because he knew that his rights had been adversely affected and had failed to timely file suit. The trial court also held that the 1972 contract entitled Bryan to fifty percent of Hannett’s share of the 1987 syndication fees ($196,369.47) plus prejudgment interest of $143,193.68.
The trial court correctly ruled that the statute of limitations did not bar Bryan’s contract action for his portion of the 1987 syndication fees. The statute of limitations begins to run from the time a cause of action accrues. § 95.031, Fla.Stat. (1993). A cause of action accrues upon the occurrence of the last element constituting the cause of action. § 95.031(1), Fla.Stat. (1993). The 1972 agreement contemplated that syndication fees would be paid by Long Lake to Hannett Associates at different times in the future. Under that contract, Bryan’s entitlement to his portion of the fees did not ripen until Long Lake made a syndication fee payment to Hannett Associates. Bryan’s cause of action for his share of any distribution did not “accrue” under the statute of limitations until each such payment was made.
Because the 1972 contract contemplated that payments would be made at different times, it is analogous to the installment payment contract in Isaacs v. Deutsch, 80 So.2d 657 (Fla.1955). The written contract in Isaacs called for payments of fifteen dollars per week from 1928 to 1947. Although payments stopped in 1929, suit was not filed until 1953. The supreme court held that the statute of limitations under that contract started to run on the date each payment became due. Id. at 660; see Bishop v.. State of Florida, Div. of Retirement, 413 So.2d 776, 778 (Fla. 1st DCA 1982); Central Home Trust Co. of Elizabeth v. Lippincott, 392 So.2d 931, 933 (Fla. 5th DCA 1980). Applying Isaacs to this case, we hold that Bryan’s failure to bring suit to claim the $5,035.80 — his share of the syndication fees paid between 1978 and 1982 — did not bar his claim to that portion of the fees paid in 1987.
On the remaining point on appeal, the trial court’s holding that there was adequate consideration to support the 1972 contract was well supported by the evidence. Therefore, the judgment is affirmed.
AFFIRMED.
POLEN and PARIENTE, JJ., concur.

. § 95.11(2)(b), Fla.Stat. (1992).