GROSS, J.
This case involves a salaried, at-will employee who sued her employer to recover longevity benefits under a written contract. The employer obtained final summary judgment on two grounds: that the employer had fully performed under the non-ambiguous contract and that the statute of limitations had run on the employee’s claim.
Viewing the ongoing employment contract as analogous to an installment contract, we are inclined to agree with the employee’s position that she was entitled to maintain a claim for underpayments of salary, within the statute of limitations period. See Hannett v. Bryan, 640 So.2d 203 (Fla. 4th DCA 1994); Bishop v. State, Div. of Ret., 413 So.2d 776, 777-78 (Fla. 1st DCA 1982); see also Habib v. Raytheon Co., 616 F.2d 1204, 1208 (D.C.Cir.1980); Stone v. City of Phila., 1987 WL 8538, at *1 (E.D.Pa. Mar. 27, 1987) (observing that “[ejmployment contracts — in which one party’s performance of services and the other party’s payment of compensation are readily apportionable into individual segments — tend to be divisible”); Baker v. Brannen/Goddard Co., 274 Ga. 745, 559 S.E.2d 450, 453 (2002); Piedmont Life Ins. Co. v. Bell, 103 Ga.App. 225, 119 S.E.2d 63, 71-72 (1961); Collins v. Summers Hardware & Supply Co., 88 S.W.3d 192, 197 (Tenn.Ct.App.2002); Greene v. THGC, Inc., 915 S.W.2d 809, 811 (Tenn.App.Ct.1996); 15 Williston on Contracts § 45:20 (4th ed. 2000).
However, we do not reach the statute of limitations issue because we agree with the employer that it fully performed the non-ambiguous provision of the contract by timely paying the “one time” increases in the employee’s base salary after ten and *876 fifteen years of the employee’s continuous service.
Affirmed.
STEVENSON and SHAHOOD, JJ., concur.