VAN NORTWICK, J.
The Board of Trustees of the Jacksonville Police & Fire Pension Fund appeals a final judgment awarding damages and attorney’s fees to Joseph Kicklighter, appel-lee, a former lieutenant in the City of Jacksonville Fire and Rescue Department who was disabled as a result of a heart attack suffered while in the course of his employment. The trial court’s ruling was based on its finding that appellant unreasonably delayed approving Kicklighter’s pension causing a substantial reduction in his pension rate, failed to adequately inform Kicklighter regarding necessary information concerning the calculation of his pension benefits, and failed to provide him a reasonable time to avoid prejudice by making payment of the deficit in the pension. We affirm.
Kicklighter applied for disability pension benefits with the Pension Fund in July 2006. The Pension Fund’s medical director determined that Kicklighter could no longer perform the duties of a firefighter and could only be employed with the fire department if an administrative or light duty position was available. In August 2006, the Fire and Rescue Department informed the Pension Fund that there were no positions available to accommodate Kicklighter. Subsequently, the Pension Fund’s advisory committee unanimously voted to recommend approval of Kicklighter’s application. Despite the recommendation of its advisory committee and the lack of light-duty positions, the Board of Trustees of the Pension Fund deferred the approval of Kicklighter’s application while unsuccessfully attempting to find Kicklighter a light-duty position with the fire department. While the Pension Fund deferred its determination of Kicklighter’s application, Kicklighter continued to be paid by the fire department at a lower rate of pay than his pre-injury rate of pay. This lower rate of pay was then utilized to calculate his pension benefits, resulting in a substantial reduction of pension benefits. No light duty positions were ever offered to Kicklighter and, after a four month delay, Kicklighter’s pension *10 benefits were eventually approved by the Pension Board.
Although the approval of benefits was entered into the Pension Board’s minutes, Kicklighter did not receive written notice of his entitlement to benefits or a determination as to the actual amount of benefits. Following the approval of benefits, Kicklighter met with an employee of the Pension Fund to address calculation of benefits. It was discovered that Kicklighter was to receive a substantially smaller sum of benefits as the contributions from his paycheck were being deducted at a lower rate from his post-injury pay. Section 121.303, Jacksonville Municipal Code, provided Kicklighter with the opportunity to make-up the difference in contributions to receive full retirement benefits. The trial court heard conflicting testimony from the parties concerning whether Kick-lighter requested to be allowed to make up any deficit. The trial court accepted Kick-lighter’s testimony that he requested, but never received, the amount required to make up the deficit in the pension contribution or the benefit to be derived from such a payment. The trial court found that the Pension Fund’s delay in approving Kicklighter’s application and failure to provide Kicklighter with the amounts required to make up contribution deficits caused Kicklighter to receive a reduction in his monthly pension benefits. Based upon these findings, the trial court awarded relief based upon Kicklighter’s claims for breach of contract, breach of fiduciary duty, and declaratory relief.
We affirm the trial court’s determination that a contractual relationship existed between the Pension Fund and Kicklighter. Our opinion in Bishop v. State, Division of Retirement, 413 So.2d 776 (Fla. 1st DCA 1982), is controlling. In Bishop, retired teachers appealed a final order of the Florida Division of Retirement denying their request for adjustments in their annuity payments under the teachers retirement system. The Division was the administrator of the teacher’s retirement plan. This court concluded that “the legal relationship between the appellants and the Division of Retirement is that of contract,” id. at 777, and that “[tjhe terms of the agreement are to be found in the statute” governing the retirement plan. Id. at 778.
Here, the trial court’s ruling was based upon a finding that the Pension Fund, as administrator of the pension fund, had breached its contractual relationship with Kicklighter arising out of the pension ordinance and the Jacksonville City Charter. The trial court found that the Pension Fund breached the contract under multiple theories, including its failure to identify the amount of contribution payable by Kicklighter to receive his full pension benefit.
Section 22.04 of the Jacksonville Charter, outlines the general powers of the Pension Fund’s Board. Section 22.04(a) clearly indicates that the Board has the authority to “[b]e the sole entity responsible for administering the Jacksonville Police and Fire Pension Fund.” Section 22.04(g) also makes clear that the Board has the power to “[djetermine all facts with regard to any participant’s age, normal retirement date, disability, amount of compensation, length of service and credited service, and date of initial coverage under the pension plan, and, by application of the facts so determined and other facts deemed material, determine a participant’s amount of benefit.” (emphasis added.)
Here, there is competent substantial evidence to support the trial court’s finding of a breach of contract based upon the Pension Fund’s failure to provide Kicklighter with information as to the amount necessary to make up the deficit in his contribu *11 tions to receive his full pension benefit. Although the Pension Fund asserted that its employees did not provide Kicklighter with the calculations on the amount required to make up the shortfall in his contributions because Kicklighter refused to make up any deficit, the trial court rejected this testimony and accepted Kick-lighter’s testimony that he had requested information on the amount he would need to contribute to make up for the shortfall in his contributions and requested information on the actual benefit to be derived from making the full contributions. See Shaw v. Shaw, 334 So.2d 13, 16 (Fla.1976) (holding that “[i]t is not the function of the appellate court to substitute its judgment for that of the trial court through reevaluation of the testimony and evidence from the record on appeal before it.”). Based upon the foregoing, we affirm the trial court’s final judgment finding a breach of contract. We also affirm the trial court’s award of attorney’s fees as the Pension Fund has conceded that the cap on attorney’s fees, see section 768.78, Florida Statutes, does not apply to contract actions.
We also note that, although the normal procedure would be to appeal the Board’s order determining benefits to the circuit court, here the Board never took final action; so there was no final action to appeal. Specifically, the Board’s final minutes approving Kicklighter’s application do not constitute a final order, for which cer-tiorari review could have been sought, because the minutes failed to address what Kicklighter disputed, i.e. the amount of benefits he was to receive. Thus, the trial court had subject matter jurisdiction.
CLARK, J., concurs, and WOLF, J., concurs in result.