RAILROAD COMMISSIONERS OF THE STATE OF FLORIDA, FOR THE USE OF S. S. GOFFIN, *Plaintiffs in Error,* v. ATLANTIC COAST LINE RAILROAD COMPANY, *Defendant in Error.*

1. Statutory authority to enforce by judicial proceedings the private rights of others, even when it is based upon a proper classification of subjects for legislation and is otherwise valid, should not be extended beyond the legislative intent as shown by the terms and purpose of the statute.

2. The purpose of the statute authorizing the railroad commissioners to institute proceedings to compel restitution and to en-

force a penalty incurred for a wrong or injury inflicted on any person by a common carrier in disregarding any rule, rate or regulation of the commissioners, is to enforce the duties and obligations of common carriers that are of a public nature and peculiar to common carriers, or where a penalty is incurred under the statute.

3. The authority given the railroad commissioners by statute to institute proceedings to compel restitution or to enforce the penalty for any wrong or injury inflicted on a person by a common carrier in the violation or disregard of any rule, rate or regulation of the commissioners, extends only to wrongs or injuries inflicted by a carrier in the violation of a rate, rule or regulation directly affecting the duties and obligations peculiar to common carriers.

4. Mere liabilities for money payments imposed by a rule of the railroad commissioners upon a common carrier in favor of a shipper as cumulative remedies for breaches of duties, are not wrongs or injuries for which the railroad commissioners are by the statute authorized to institute proceedings in the courts to compel restitution or to enforce a penalty.

This case was decided by the Court En Banc.

Writ of Error to the Circuit Court for Orange County.

The facts in the case are stated in the opinion of the court.

*L. C. Massey,* for plaintiff in error.

*W. E. Kay* and *Blount & Blount & Carter, Geo. P. Raney* and *Sparkman & Carter,* for defendant in error.

WHITFIELD, J.—Action was brought in the Circuit Court for Orange County by the Railroad Commissioners under Section 2910 of the General Statutes to recover for the use of S. S. Goffin amounts alleged to be due said

Goffin by the Atlantic Coast Line Railroad Company, a corporation under the laws of Virginia and a common carrier doing intrastate business in this State, for demurrage charges for which the company is alleged to be liable to Goffin under Demurrage Rule 8. A demurrer to the declaration was sustained, and, the plaintiffs declining to amend, final judgment for the defendant was entered, to which a writ of error was taken by the plaintiffs, who assigned the order sustaining the demurrer and the final judgment as errors.

Demurrage Rule 8 prescribed by the Railroad Commissioners is as follows:

"Cars detained or held for want of proper shipping instructions or by reason of improper or excessive loading (where loading is done by shipper) shall be subject to demurrage charge of one dollar ($1.00) per car for each day or fraction of a day said car or cars are so detained or held. Likewise, when cars are promptly loaded and shipping instructions given, the railroad agent must immediately issue the bills of lading therefor; and if said car or cars are detained or held and not carried forward within forty-eight (48) hours, except perishable articles, which shall be moved within twenty-four (24) hours thereafter, said railroad company shall be liable to said shipper for the payment of one ($1.00) dollar per car for each day or fraction of a day that said car or cars are thus detained or held."

This action cannot be maintained unless the statute authorizes the Railroad Commissioners to bring it.

The statute provides that "If any railroad, railroad company or other common carrier doing business in this State shall, in violation or disregard of any rule, rate or regulation provided by the commissioners aforesaid, inflict any wrong or injury on any person, it shall be

the duty of the Railroad Commissioners if requested by such injured person to institute proceedings to compel restitution and to enforce the penalty incurred in any court having jurisdiction." Section 2910, General Statutes, as amended by Chapter 5624, Acts of 1907.

At common law the private rights of individuals are not enforced at the suit of others in the absence of a fiduciary relation. Statutory authority to enforce the private rights of others, even when it is based on a proper classification of subjects for legislation and is otherwise valid, should not be extended beyond the legislative intent as shown by the terms and purpose of the statute.

The purpose of the statute is to enforce the duties and obligations of common carriers where the duties and obligations are of a public nature, or where for their violation penalties may be incurred under the statute. The authority given the commissioners by the statute to institute proceedings to compel restitution or to enforce the penalty for any wrong or injury inflicted on a person by a common carrier in the violation or disregard of any rule, rate or regulation provided by the commissioners, extends only to wrongs or injuries inflicted by a carrier in the violation of a rate, rule or regulation directly affecting the duties and obligations peculiar to common carriers.

Compelling restitutions and enforcing penalties as contemplated of the statute relate to matters peculiar to common carriers, such as the collection of illegal charges or the violation of a duty affecting public policy or in which the public have an interest, as refusals to transport, or unjust discrimination, &c., for which penalties may be incurred under the statute. Mere liabilities for money payments imposed by a rule upon a carrier in favor of

a shipper as cumulative remedies for breaches of duties are not so essentially different in their nature from the liabilities imposed upon the shipper in favor of the carrier as that payment of the liabilities is a duty peculiar to the carrier in which the public has an interest. A penalty is not incurred for non-payment of a mere pecuniary liability, and for mere money liabilities the law contemplates payment not "restitution."

The amounts, for the payment of which the rule prescribes the carrier shall be liable to the shipper, may be charges to compensate the shipper for delaying his freight loaded in cars and to stimulate the movement of the cars in the interest of the public service, but they are not penalties incurred under the statute, nor would recovery of the charges be a restitution, for the shipper has never had the amounts. The mere failure or refusal of the carrier to pay demurrage charges for which the rule makes the carrier liable to the shipper, is not the infliction of a wrong or injury for which the statute authorizes the railroad commissioners to bring an action to compel restitution or to enforce a penalty.

As it does not appear by the declaration that a wrong or injury has been inflicted on Goffin by the violation or disregard of a rule, rate or regulation provided by the commissioners, for which restitution may be compelled, or a penalty may be enforced by the commissioners for the benefit of Goffin, the Railroad Commissioners are not authorized by the statute to bring this action for the use of Goffin.

A dismissal would have been the proper judgment, therefore the judgment for the defendant on the merits is reversed and the cause is remanded with directions to dismiss the action.

All concur.