PER CURIAM.
The Division of Florida Land Sales (Division), Department of Business Regulation, issued a temporary order to cease, desist and refrain against the petitioner, finding that it had offered for sale units or parcels of land in a subdivision known as St. Johns River Acres, and did not register the subdivision with the Division as required by applicable law. Petitioner filed a motion to quash said order. After proper hearing held before an examiner, the Division determined, among other things, that the temporary order should be made permanent, that petitioner’s motion to quash be denied, and provided a means by which purchasers could seek redress. Petitioner appealed this order of February 27, 1973, to the respondent, Board of Business Regulation (Board), Department of Business Regulation. After hearing oral argument and considering the record made before the Division, the Board entered its order dated February 11, 1974. The pertinent part of said order is quoted as follows :
3. That so much of the order dated February 27, 1973, relating to, the refund of all monies, plus reasonable interest, paid by purchasers to Bloch Brothers Corporation for acreages in St. Johns River Acres is hereby modified by ordering Bloch Brothers Corporation to refund all monies, plus the rate of interest now allowed by law, paid by purchasers to Bloch Brothers Corporation for acreage in St. Johns River Acres, if said purchasers request a refund. Bloch Brothers must within 30 days from the date of this order notify each purchaser of acreage in St. Johns River Acres by written letter approved by the Director of the Division of Florida Land Sales of said purchasers [sic] right to request a refund of all monies, plus the interest now allowed by law. Furthermore, said purchasers shall have 6 months from the date the letter was mailed, as shown by certified mail, to request the refund of all his monies, plus the interest now allowed by law. . . .
By petition for writ of certiorari, petitioner seeks reversal of the findings of the Board contrined in paragraph 3 above.
*448 We have heard oral argument in this case and have carefully examined the entire record and the briefs submitted by the parties. The sole issue presented is limited to the Board’s exercise of authority as directed in paragraph 3.
Section 478.191, Florida Statutes, entitled Civil remedy, provides:
(1) Any subdivider who disposes of subdivided lands in violation of section 478.23, ... is liable as provided in this section to the purchaser . .
(2) In addition to any other remedies, the purchaser, under the preceding subsection, may sue either in law or in equity to recover the consideration paid for the lot, parcel, unit or interest in subdivided lands
From a cursory examination of the above statute it can be readily ascertained that an aggrieved individual purchaser is provided full and adequate remedies. The Legislature did not grant such authority to the Board. In dealing with the question of administrative power, the Florida Supreme Court in the case of Kirk v. Publix Supermarkets, Fla.1966, 185 So.2d 161, held:
. . . It is elemental that when the Legislature provides that an administrative power shall be exercised in a certain way such prescription precludes the doing of it in another way. . . .
We believe that the ruling in the above-cited case follows the basic proposition of law applicable to administrative authority. We hold, therefore, that the findings of the Board in paragraph 3 were made in excess of its specific statutory authority or power and are unenforceable. The Legislature has vested such authority in the purchaser and not in the Board.
We reverse that portion of the order of the Board now before us; the remaining provisions of said order are left undisturbed. The petition for writ of certiorari is granted.
McNULTY, C. J., and BOARDMAN and GRIMES, JJ., concur.