LARRY G. SMITH, Judge.
This is an appeal by the State Board of Education from an order entered by the Division of Administrative Hearings which declared invalid certain rules issued by the board providing for the revocation of a teacher’s certificate held by an instructor in a community college. We find error and reverse.
At issue in this proceeding is the hearing officer’s interpretation of Section 230.759, Florida Statutes, under which the State Board of Education derives its specific authority with respect to “certification” of community college personnel. The statute provides:
“Employment of all personnel in each community college shall be upon recommendation of the president, subject to rejection for cause by the board of trustees and subject to the rules and regulations of the state board relative to certification, tenure, leaves of absence of all types, including sabbaticals, remunerations, and such other conditions of employment as the Division of Community Colleges deems necessary and proper; and to policies of the board of trustees not inconsistent with law.” (Section 230.-759, Florida Statutes) (emphasis supplied)
The hearing officer reasoned that since the foregoing statute refers only to “employment”, the power of the board with reference to “certification” relates only to the power to issue certificates, there being no express language conferring the power to “revoke” certificates. Therefore, following this line of reasoning, he declared that the assumption of power by the board in the adoption of its rules relating to revocation exceeds the authority conferred upon the board by law. We disagree with this interpretation by the hearing examiner and *115 adopt the reasoning and arguments of the appellant which convinces us that the power to issue certificates in this instance carries with it the power to specify the terms and conditions of their issuance, as well as the terms and conditions upon which the same may be held by the employee, or revoked by the board.
The State Board of Education is created by Article IX, Section 2, Florida Constitution. The general powers and duties of the board as set forth by statute include the following:
“(1) The State Board of Education is the chief policy-making and coordinating body of public education in Florida. It has the general powers to determine, adopt or prescribe such policies, rules, regulations, or standards as are required by law or as it may find necessary for the improvement of the state system of public education. .
“(2) The board has the following duties: “(a) To adopt comprehensive educational objectives for public education;

“(e) To hold meetings, transact business, keep records, adopt a seal, and perform such other duties as may be necessary for the enforcement of all laws and regulations relating to the state system of public education; . . (Section 229.053, Florida Statutes) (emphasis supplied)
In addition, the legislature has conferred upon the state board the power and duty to prescribe minimum standards with respect to the operation of community colleges as follows:
“The state board shall prescribe minimum standards which must be met before a community college is organized, acquired or operated, and which will assure that the purposes of the community college are attained.” (Section 230.755, Florida Statutes)
We note here that we are not dealing with a claim of unlawful delegation of legislative power such as might occur when discretionary authority is granted to an administrative agency without the inclusion of specific intelligible principles or standards to be used by the agency as a guide in the performance of its duties. 1 Fla.Jur.2nd, § 27 — “Necessity for setting policy and standards”. No contention is made by ap-pellee that the rules and regulations for issuance of certificates are invalid, even though a review of the statutes discloses that while there are specific guidelines for the issuance (and revocation) of teacher’s certificates in the public schools (Sections 231.14-231.28, Florida Statutes, inclusive) these provisions do not apply to community colleges (Section 230.776, Florida Statutes).
We think the following text discussion found in Florida Jurisprudence Second is applicable:
“§ 48. Scope and extent of powers.

“Where lawful rulemaking authority is clearly conferred or fairly implied, and it is consistent with the general statutory duties of the agency, a wide discretion is accorded it in the exercise of such authority. Statutory authority to make reasonable and just rules and regulations to carry into effect a legislative purpose necessarily includes the power to make all rules and regulations needed or expedient to accomplish the general statutory purpose.” (1 Fla.Jur.2nd, Administrative Law, § 48)
Further, on the subject of “implied powers” we find the following:
“§ 21. Implied powers

“While it is recognized that administrative agencies may possess implied as well as expressed powers, a power which is not expressed must be reasonably implied from the express terms of the statute, or, as otherwise stated, it must be such as is by fair implication and intendment incident to and included in the authority expressly conferred.” (1 Fla.Jur.2nd, Administrative Law, § 21)
The grant of general authority to provide rules and regulations for certification of teaching personnel (Section 230.759, *116 Florida Statutes) is consistent with the board’s legislatively mandated responsibilities to see to “the improvement of the state system of public education” (Section 229.-053, Florida Statutes), and to “prescribe minimum standards . which will assure that the purposes of the community college are attained” (Section 230.755, Florida Statutes). The power to issue a certificate, in keeping with the broad objectives to be accomplished by these legislative enactments, necessarily and by fair implication includes the authority to specify the conditions under which such certificates shall be held and revoked.
The order appealed from is reversed.
MILLS, Acting C. J., and ROBERT P. SMITH, J., concur.