409 So.2d 80 (1982)
Robert A. CIRNIGLIARO, Appellant,
v.
FLORIDA POLICE STANDARDS AND TRAINING COMMISSION, Appellee.
No. AB-61.
District Court of Appeal of Florida, First District.
January 14, 1982.
Bert J. Harris, III, of Dunty & Harris, Lake Placid, for appellant.
Jim Smith, Atty. Gen., David P. Gauldin, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This is an appeal from a final order of the Florida Police Standards and Training Commission ("Commission") revoking appellant Cirnigliaro's certificate which had been issued under Section 943.14, Florida Statutes. On April 11, 1980, a formal hearing was held pursuant to Section 120.57(1)(b), Florida Statutes, and the hearing officer issued the recommended order on October 21, 1980. The Commission accepted the hearing officer's findings of fact, but rejected some of the conclusions of law as well as the recommendation that the certificate not be revoked.
The facts as found by the hearing officer and accepted by the Commission are as follows. Appellant was employed during the summer of 1972 as an assistant manager and new business development officer with the Security National Bank in Brentwood, New York. John Laura, a friend of appellant who was selling franchises in a Golden Products distributorship, sent potential franchisees to appellant to apply for loans. Laura told appellant that for each loan application approved he would give appellant $100.00 from his commission for selling the franchises. After accepting $900.00, appellant discovered the money was coming not from Laura's commission, but directly from the loan applicants. He stopped accepting the payments. When one of the loans went into default the applicant disclosed the kickback.
*81 The United States District Attorney for the Eastern District of New York filed an information charging appellant with violating 18 U.S.C. § 656 by knowingly and willfully embezzling, abstracting, purloining and misapplying less than $100.00 of the bank's money. Appellant pled guilty, was adjudged guilty and convicted, received a suspended sentence, and was placed on probation. The probation expired in April 1974 after he fulfilled all of the terms.
Appellant moved to Florida in March 1973 and worked as a vice-president at a Homosassa Springs Bank. He did not initially inform the bank of the conviction. The bank learned of the conviction in 1975 through the Citrus County Sheriff's office and appellant was allowed to resign.
Having an interest in becoming a police officer, appellant sought training sponsorship from the Chief of the Crystal River Police Department. The hearing officer found that appellant:
explained to Chief Matthews that he had been convicted of a misdemeanor "involving about $100.00 in dealing with a bank" as the chief remembers the conversation. Chief Matthews spoke with someone named Ken at the [Commission] headquarters in Tallahassee about Mr. Cirnigliaro's conviction, and asked him if he could become a police officer. Ken said to send his prints (fingerprints) in and he, Ken, would take it from there. Chief Matthews did as he was instructed. He also sent in an application form on which he checked a box indicating that the applicant "is of good moral character and has not been convicted of a felony or a misdemeanor involving moral turpitude. A thorough background investigation has been conducted and is attested to by John A. Matthews, Chief of Police, Crystal River Police Department."
... .
At the time of Mr. Cirnigliaro's application for certification, the Commission did not conduct independent background investigations on the applicants' good moral character. It relied on the sponsoring police agency to conduct those investigations. Mr. Cirnigliaro's application was accompanied by a set of his fingerprints as required by the Commission.
Appellant completed police training and was issued a certificate. He worked part-time for the Crystal River Police Department and was also deputized by the Citrus County Sheriff's Department. The Sheriff fingerprinted all new employees and in this way learned of appellant's conviction, but hired him anyway.
The hearing officer noted the testimony of a number of witnesses as to appellant's good moral character and found that he was in fact of good moral character at the time of the hearing.
In his conclusions of law in the recommended order the hearing officer noted that in order to be a police officer one must not have been convicted of a misdemeanor involving moral turpitude, § 943.13(4).[1] Further, before July 1, 1980, the effective date of Section 943.145, Fla. Stat., the Commission arguably had only the implied authority to revoke certificates. Authority for such implied power is found in State Board of Education v. Nelson, 372 So.2d 114 (Fla. 1st DCA 1979). The hearing officer concluded that pursuant to Section 943.145, however, the Commission has express authority to deny or to revoke certification for certain enumerated reasons. Under that Section certificates can be denied (or reactivation refused) for failure to meet the qualifications of Section 943.13 or of standards promulgated in Commission rules; certificates can be revoked for failure to maintain the qualifications of Section 943.13 or of standards promulgated in Commission rules. The hearing officer, by reading the two sections in pari materia, attributed significance to the use of the words "meet" in Section 943.145(2)(b) and "maintain" in Section 943.145(3)(a), giving the Commission authority to revoke certificates only for *82 failure to maintain Section 943.13 qualifications. The hearing officer concluded that appellant had not failed to maintain good moral character since his certification and the Commission was without authority to decertify for failure to initially meet Section 943.13 qualifications, especially in light of the principle that grounds for license revocation are to be strictly construed in favor of the licensee citing Lester v. Department of Professional and Occupational Regulation, 384 So.2d 923 (Fla. 1st DCA 1977). The hearing officer further noted that courts have held that legislative provision for exercising an administrative power in a particular way precludes its exercise in any other way, citing Kirk v. Publix Super Markets, 185 So.2d 161 (Fla. 1966) and Bloch v. Board of Business Regulation, 321 So.2d 447 (Fla.2d DCA 1975). Finally the hearing officer noted that while appellant's certificate could be revoked for failure to disclose a fact, the facts showed appellant had told his sponsoring agency about the conviction, and provided fingerprints to the Commission  no other disclosures were required. The hearing officer recommended dismissing the complaint against appellant.
The Commission, in the final order, accepted the hearing officer's findings of fact and his conclusion that under Section 943.13(4) Fla. Stat., to be a police officer one must not have been convicted of a misdemeanor involving moral turpitude as the term is defined by law. The remainder of the conclusions were rejected as inconsistent with the facts as found and accepted. Specifically, the Commission found the conclusions inconsistent with the fact that appellant had pled guilty to and been convicted of violating 18 U.S.C. § 656. With regard to the Commission's decertification authority, the Commission determined the hearing officer's conclusions based on Section 943.145 were erroneous because they would require retroactive application of that section, but legislation is presumed to be effective prospectively only unless it is expressly indicated otherwise. Appellant had been charged not with failure to maintain his qualifications, but with not having been qualified initially. "The issue is not whether [Cirnigliaro] has maintained a good moral character subsequent to certification but whether he met the basic requirements of Section 943.13(4), Florida Statutes, for certification to start with." The Commission concluded that pursuant to Section 943.13(2) it had authority to certify those who met the requirements of Section 943.13 and satisfactorily completed a training program.
Although the authority to decertify those who have been erroneously granted certification, without meeting the basic requirements of Section 943.13, F.S., is not explicit in the language of the statute[,] the power to certify necessarily and by fair implication carries with it the authority to decertify. State Board of Education v. Nelson, 372 So.2d 114 (Fla. 1st DCA 1979).
Since it had determined it had authority to decertify appellant, the Commission concluded it had no alternative but to decertify pursuant to Rule 11B-16.05(1)(a), Fla. Admin. Code, which reads:
11B-16.05 Revoke, annul, suspend or deny certification.
(1) The Police Standards and Training Commission shall revoke, annul, or suspend certification issued by the Commission qualifying an individual as eligible under provisions of Chapter 943, Florida Statutes, or deny certification upon showing that such individual or certificate holder:
(a) has been convicted of a felony or misdemeanor involving moral turpitude in the State of Florida or of any offense committed elsewhere which, if committed in Florida, would be a felony or a misdemeanor involving moral turpitude under the laws of the State of Florida. (emphasis in final order)
The Commission annulled and revoked appellant's certificate.
The primary issue on appeal is whether the Commission erred in rejecting the hearing officer's conclusions of law as to the Commission's authority to revoke appellant's certificate. Appellant argues that *83 neither Section 943.13 nor Section 943.14(2) provides for Commission authority to revoke certificates once they have been issued: Section 943.13 only sets forth the qualifications to be met and Section 943.14(2) provides only initial certification authority. Appellant also contends that State Board of Education v. Nelson does not provide authority for revocation in light of later cases which affirm the principle that grounds for license revocation must be strictly construed because of the penal nature of the action, citing Bowling v. Department of Insurance, 394 So.2d 165 (Fla. 1st DCA 1981). Further, appellant argues, the Nelson case only provides authority to revoke for failure to meet initial qualifications. Finally, appellant argues that the hearing officer's findings of fact, which the Commission accepted, established that appellant had disclosed all information necessary for certification and the Commission had notice of the conviction when it certified appellant and should be estopped from reconsidering the conviction after certification.
Appellee asserts that Section 943.13(4) is explicit and contemplates no exceptions: one who has been convicted of a misdemeanor involving moral turpitude cannot be certified to be a police officer. Since Section 943.13(4) establishes this as a condition precedent, a certificate issued without the condition having been met would be void ab initio. As to Section 943.145, appellee argues that the hearing officer erred in applying that section to this case, since the section does not provide for retroactive application. Even under that section, it would be presumed in applying the revocation criteria that the certificate had been properly issued initially and the hearing officer's distinction between meeting and maintaining qualifications is irrelevant and would lead to an absurd result should an applicant obtain certification by deceiving the Commission as to qualifications.
In our opinion whether the revocation authority of the Commission is viewed as inherent in the authority to certify under Section 943.14(2) or as expressly provided for in Section 943.145 (Supp. 1980), the Commission was authorized to revoke appellant's certificate because he did not possess the requisite qualifications for a police officer in this state under Section 943.13(4).
Before Section 943.145 was added to the statute the applicable sections of the statute were Section 943.13 and Section 943.14. Section 943.14(2) provides that the Commission will issue a certificate to anyone who complies with the training program "and the qualifications for employment in Section 943.13... ." Section 943.13 provides:
After August 1, 1974, any person employed as a police officer shall:
(1) Be at least 18 years of age.
(2) Be a citizen of the United States, notwithstanding chapter 74-37, Laws of Florida, or any act of the Legislature passed during the 1976 Regular Session.
(3) Be a high school graduate or its "equivalent" as the term may be determined by the Commission.
(4) Not have been convicted of a felony or of a misdemeanor involving "moral turpitude" as the term is defined by law and who has not been released or discharged under any other than honorable conditions from any of the Armed Forces of the United States.
(5) Have his fingerprints on file with the Commission or an agency designated by the Commission.
(6) Have passed an examination by a licensed physician, based on specifications established by the Commission.
(7) Have a good moral character as determined by investigation under procedures established by the Commission.
We have held that the authority to issue a certificate includes the authority to revoke the certificate. State Board of Education v. Nelson, 372 So.2d 114 (Fla. 1st DCA 1979). The rationale for the decision in Nelson is applicable in this case.
In Nelson, as a basis for the conclusion that the State Board of Education had implicit authority to revoke teaching certificates, the court cited the legislative grant of general authority to the Board to provide rules and regulations for certification of *84 teachers and the Board's "legislatively mandated responsibility to see to `the improvement of the state system of public education.'" Id. at 116. Similarly, pertaining to the instant case, the Commission, pursuant to Section 943.14, is responsible for police training programs and certification, and pursuant to Section 943.12 has the power to establish minimum standards for the employment and training of officers and promulgate rules and regulations for the administration of Chapter 943.
The Commission also would have had authority to revoke under Section 943.145(3)(a)(Supp. 1980) for failure to maintain the qualifications established in Section 943.13. Appellant was never qualified to be employed as a police officer and it would have been impossible for him to maintain the qualification that he "shall ... [n]ot have been convicted of a ... misdemeanor involving `moral turpitude' as the term is defined by law ..." because he was in fact convicted of such a misdemeanor. The hearing officer made a distinction between meeting and maintaining qualifications and concluded that: "[Cirnigliaro] has not gone below the age of 18, lost his United States citizenship, or lost his good moral character. Since certification he has not committed any crime." Such a finding is distinct from a finding that he has never been convicted of a misdemeanor involving moral turpitude; this is what Section 943.13(4) requires. The recommended order emphasized appellant's present good moral character. Having good moral character is treated independently of Section 943.13(4) in Section 943.13(7). There may well be a distinction that can be made between initially meeting the requirements of having good moral character and maintaining that character subsequent to certification, but the same cannot be said of the requirement found in Section 943.13(4). Whether someone possesses good moral character is a somewhat subjective question and the answer may vary from time to time; however, a conviction of embezzlement provides objective proof of the impossibility of maintaining the qualification of not having been convicted of a misdemeanor involving moral turpitude. We disagree with the interpretation placed on the statute by the hearing officer whereby in order to maintain qualification number (4) under Section 943.145, as opposed to number (7), appellant need only have avoided conviction of a misdemeanor involving moral turpitude subsequent to his certification. It does not require a relaxed construction of the statutory language in order to reach our conclusion.
Appellant argues that the Commission should be estopped from revoking his certificate based on prior misconduct because appellant, through Chief Matthews, informed the Commission of the conviction and inquired whether appellant could be certified under the circumstances. With regard to that argument, we make the following observations. The hearing officer as the trier of fact found that Chief Matthews recalled being informed appellant "had been convicted of a misdemeanor involving `about $100.00 in dealing with a bank.'" The hearing officer concluded: "The facts here indicate that he told his sponsoring agency, the Crystal River Police Department, about his prior conviction and the Chief of Police made an inquiry to the Commission about what to do under such circumstances." However, we note that after the chief inquired of "Ken" at Commission headquarters and was directed to "send his prints (fingerprints) in and he, Ken, would take it from there," the prints were sent in together with an application on which Chief Matthews went ahead and checked a box indicating "Applicant ... [i]s of good moral character and has not been convicted of a felony or a misdemeanor involving moral turpitude." It is pertinent to recall here the hearing officer's finding that at the time appellant was certified, the Commission did not conduct independent background investigations of applicants, relying instead on the sponsoring agency to do so. In any event, it has been held that "[a]dministrative officers of the state cannot estop the state through mistaken statements of the law." Austin v. Austin, 350 So.2d 102 (Fla. 1st DCA 1977), and a mistaken *85 conclusion as to the nature of the conviction and whether it involves moral turpitude would not preclude the Commission from revoking appellant's certificate.
The statute clearly contemplates that one who has been convicted of a misdemeanor involving moral turpitude shall not be employed as a police officer and since appellant has had such a conviction he never possessed and cannot possibly maintain the qualification required by Section 943.13(4). The Commission had either implied or express authority to revoke the certificate.
There is a great deal of evidence in the record to show that appellant was of good moral character at the time of the hearing and has performed well as an officer. It is unfortunate that the legislature has not provided in the statute for instances of rehabilitation, however, the clear import of Section 943.13(4) is that one who has at any time been convicted of a misdemeanor involving moral turpitude cannot be employed as a police officer in this state.
The order of the Commission is AFFIRMED.
ROBERT P. SMITH, Jr., C.J., MILLS, J., and BEN C. WILLIS, Associate Judge, concur.
NOTES
[1] It has been held that embezzlement is a crime involving moral turpitude. State v. Snyder, 187 So.2d 381 (Fla. 1939).