PER CURIAM.
Appellee Brown was found in violation of environmental control statutes, Chapter 403, Florida Statutes (1983), for having placed fill over a roadway without a permit, which cut off the tidal exchange causing damage to mangrove wetlands. After an administrative hearing Brown was ordered to restore the land to its original condition and to pay costs of $604.79. Because Brown failed to comply within the time provided in the enforcement order, the Department filed in the circuit court a petition for enforcement pursuant to Section 120.- *909 69, Florida Statutes (1983). After a hearing on the enforcement petition the trial court determined the agency’s restoration order to be an inappropriate remedy, and ordered instead that Brown pay $1,000 to the Department as a civil penalty and for expenses incurred by the Department in tracing, controlling, and abating the fill violation.
The Department brought this appeal, contending that so long as the penalty imposed by the agency was within the range of that permitted as a matter of agency discretion, the circuit court was powerless to overturn the penalty, citing to Florida Real Estate Commission v. Webb, 367 So.2d 201, 203 (Fla.1978).
We distinguish Webb because it involved a Section 120.68 review which was limited to a determination whether the penalty imposed was within the range of discretion delegated to the agency.
In a Section 120.69(5) enforcement proceeding the court may find, as it did here, that an agency action, even though within the range of discretion delegated to the agency, is not “appropriate”, i.e. not suitable for the particular person, condition, occasion, or place. See definition of “appropriate”. The American Heritage Dictionary 64 (1980). The agency action is presumed correct in an enforcement proceeding the same as in a judicial review proceeding, which presumption is, nonetheless, rebuttable. The circuit court reviewed all the facts and concluded that, under the circumstances, an order requiring the violator himself to complete restoration of the land, water and vegetation to its original condition and to the Department’s satisfaction, within 60 days of approval of a plan submitted by the violator, was inappropriate. It appears that the Department was capable of making the same restorations at the violator’s expense. That determination is supported by competent and substantial evidence and will not be disturbed on appeal. Laufer v. Norma Fashions, Inc., 418 So.2d 437 (Fla. 3d DCA 1982).
Affirmed.