534 So.2d 782 (1988)
William N. TAYLOR, M.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF MEDICAL EXAMINERS, Appellee.
No. BI-328.
District Court of Appeal of Florida, First District.
November 18, 1988.
*783 Julian Clarkson and Michael L. Rosen of Holland & Knight, Tallahassee, for appellant.
William M. Furlow, Dept. of Professional Regulation, Tallahassee, for appellee.
NIMMONS, Judge.
Appellant, a licensed physician disciplined by the Board of Medical Examiners, asserts that the Board has no jurisdiction to discipline him for acts of professional misconduct committed prior to his licensure. We agree and reverse.
The Department of Professional Regulation ("Department") filed an administrative complaint against appellant charging him with violations of Section 458.331, Florida Statutes (1987), which enumerates the grounds for disciplinary action against a physician. The complaint included an allegation that appellant was unable to practice medicine with reasonable skill and safety contrary to Section 458.331(1)(s).
After a formal hearing pursuant to section 120.57(1), Florida Statutes (1987), the hearing officer found most of the Department's factual allegations proven but concluded that the Department had not proven appellant guilty of committing any disciplinary violations subsequent to his licensure. Appellant was admitted to the practice of medicine July 13, 1982. The hearing officer found that the majority of the acts proven by the Department had occurred prior to this date. As to the remainder, the date was so vague that it could not be determined whether they occurred prior to appellant's licensure. Accordingly, the hearing officer found that the Department had failed to prove any post-licensure misconduct. Significantly, the hearing officer found the Department's charge that appellant was presently unable to practice medicine with reasonable skill and safety unproven.
The hearing officer concluded that the Board had no jurisdiction to discipline appellant for disciplinary violations committed prior to his licensure[1] and recommended dismissal of the complaint. The Department challenged the hearing officer's jurisdictional ruling,[2] and the Board in its final order rejected the hearing officer's conclusion of law and found that the Board had jurisdiction to discipline appellant for prelicensure misconduct. Appellant appeals from the final order imposing a reprimand and placing him on probation.[3]
This court has previously considered the instant question in Farzad v. Dept. of Professional Regulation, 443 So.2d 373 (Fla. 1st DCA 1983), in which we expressed doubts as to the Board's jurisdiction to discipline a physician for prelicensure misconduct. *784 We found it unnecessary to decide the question in that, unlike the instant case, the Department had charged and proven misrepresentation on Farzad's part in the obtaining of her medical license, based upon her failure to reveal the prelicensure incident.[4]
In Farzad we expressed skepticism as to the Department's reliance upon Gould v. State, 99 Fla. 662, 127 So. 309 (1930) in which the Supreme Court held that an attorney could be disbarred for misconduct which occurred prior to his admission to the bar.[5] In Gould, the Supreme Court observed that it has the inherent power to control the conduct of its own affairs and to maintain its own dignity. By contrast, physician disciplinary proceedings are governed by statutes which, being penal in nature, are to be strictly construed and strictly followed. State ex rel. Jordan v. Pattishall, 99 Fla. 296, 126 So. 147 (1930).
The Department's reliance upon Cirnigliaro v. Florida Police Standards and Training Commission, 409 So.2d 80 (Fla. 1st DCA 1982) is misplaced. In Cirnigliaro we held that the Commission properly revoked Cirnigliaro's police officer's certificate due to his pre-application conviction of a misdemeanor involving moral turpitude. Appellee cites Cirnigliaro as authority for the proposition that it has jurisdiction over appellant's prelicensure conduct. Cirnigliaro, however, involved not a disciplinary action for misconduct but rather the revocation of Cirnigliaro's certificate pursuant to a statutory mandate providing that a minimum qualification for certification was that an applicant must not have been convicted of a felony or a misdemeanor involving moral turpitude. Unlike appellant, Cirnigliaro was not disciplined for any past misconduct but rather was relieved of his certificate due to his present and continuing disqualification for certification. This is comparable to a finding under section 458.331(1)(s) that a physician is unable to practice with reasonable skill and safety, a finding that the Board specifically declined to make as to appellant.
Appellant urges that the statute's remedial purpose of protection of the public from unsafe practitioners will best be served by a holding that the Board has jurisdiction to discipline appellant for his prelicensure conduct. We must conclude, in the absence of a clear legislative statement to the contrary, that the statutory purpose is deemed adequately served by those powers explicitly conferred upon the Board.
We discern no clear statement of legislative intent to provide for discipline of a physician for prelicensure misconduct where he has not falsified his application and is adjudged presently fit to practice. We therefore hold that the Board was without jurisdiction to discipline appellant.
Accordingly, we reverse and remand with directions that the Board vacate its final order and enter an order dismissing the charges against appellant.
THOMPSON and BARFIELD, JJ., concur.
NOTES
[1] The Department did not charge appellant with a violation of Section 458.331(1)(a), which prohibits "[a]ttempting to obtain, obtaining, or renewing a license to practice medicine by bribery, by fraudulent misrepresentation, or through an error of the department or the board."
[2] Appellee did not take exception to any of the hearing officer's findings of fact.
[3] This is appellant's second appearance before this court, which previously dismissed the instant appeal on the ground that the notice of appeal was untimely filed. Taylor v. Department of Professional Regulation, Board of Medical Examiners, 493 So.2d 498 (Fla. 1st DCA 1986). On review of our order of dismissal, the Supreme Court held that appellant's notice of appeal was timely filed and quashed our decision. Taylor v. Department of Professional Regulation, Board of Medical Examiners, 520 So.2d 557 (Fla. 1988).
[4] In 1972 Farzad took a medical examination in her sister's place, forging her sister's name. When she applied for licensure in 1975 the application asked her to give her full name and to list all other names she had used. Farzad did not reveal that she had previously used her sister's name in taking the 1972 examination.
[5] In Farzad, we noted the fact that other jurisdictions are split on the issue of whether an attorney may be disciplined for pre-licensure acts. See Annot., Disciplinary Action Against Attorney Based on Misconduct Prior to Admission to Bar, 92 A.L.R.3d 807 (1979).