ZEHMER, Judge.
On this appeal by Robert Browning and cross-appeal by the Department of Business Regulation, Division of Florida Land Sales, Condominiums and Mobile Homes, we review a non-final order in which the circuit court denied the Division’s motion to hold Browning “in contempt of this court for failure to comply with its April 26, 1989, Amended Summary Final Judgment ... without prejudice to the Division to re-file a motion for contempt at a later date.” Browning complains that the trial court should have denied the motion with finality, contending primarily that the Division has no authority to enforce rescission of lot sales on behalf of lot purchasers. On cross-appeal, the Division complains that the court erred in refusing to hold Browning in contempt because (1) the court failed to shift the burden of proof to Browning to show his financial inability to comply with the court’s final judgment once he admitted noncompliance therewith, and (2) the “weight of the evidence” presented at the hearing “did not demonstrate appellant’s inability to comply with the circuit court’s order.” We affirm the issues on cross-appeal, finding no error in the respects argued by the Division. We find error as to issues raised on Browning’s appeal, however, and reverse in part.
THE FACTUAL BACKGROUND
Browning, as general partner in a limited partnership known as A.S.R.B., Ltd., engaged in subdividing land, more specifically, a tract identified as Suwannee Trails, Unit I, in Hamilton County. Before obtaining an exemption from registration of subdivided lands, as required by section 498.-023(1), Florida Statutes, Browning sold 14 lots in the Suwannee Trails Subdivision. Based on these violations, the Division instituted an administrative action against Browning as general partner of A.S.R.B. Ltd. The hearing officer’s recommended order imposed a civil penalty against Browning and the partnership of $500 for each of the 14 transactions, totaling $7,000. In addition, they were ordered to offer rescission to each of the 14 lot purchasers. The Division adopted the hearing officer’s recommended order in substantial part, but found that the large number of transactions justified increasing the civil penalty to $14,000 ($1,000 per lot) in the Division’s final order.
A second administrative action was initiated against Browning individually for making misrepresentations concerning the cost and financing terms of installing electricity to four specific lots in Suwannee Trails. Again, the hearing officer’s findings of fact and conclusions of law were adopted, with some additions, and again the recommended civil penalty was increased in the Division’s final order. The hearing officer recommended a civil penalty of $1,000 for each of the four lots at issue ($4,000) but the Division, reciting the “degree of harm caused by [Browning’s] misrepresentations,” increased the civil penalty to $2,500 per lot ($10,000 total). In addition, Browning was ordered to arrange for installation of power to the subdivided lots within 90 days of rendition of the Division’s final order. The order also provided that if satisfactory arrangements for installation of power were made within 90 days, Browning would be credited for the cost of installation against his combined civil penalties. Browning and A.S.R.B., Ltd., were to be excused from their obligation to offer refunds (rescission) to the 14 lot purchasers (the subject of the first administrative action against appellant), if appellant “provides for the installation of power as prescribed above.... ”
The two administrative actions were consolidated and decided in the Division’s single final order of August 26, 1986. On review of that order pursuant to section 120.68, this court affirmed without opinion on March 10, 1988. Browning v. State, Dept. of Business Regulation, 522 So.2d 387 (Fla. 1st DCA 1988). The agency order thus became final and binding on both Browning and the Division.
On January 14, 1987, pursuant to section 120.69, the Division filed a pleading entitled *190 “Petition to Enforce Agency Action” against Browning, individually and as general partner, in the circuit court. The Division’s petition sought to enforce the final agency order of August 26, 1986, rendered in both administrative actions, including the civil penalties, the requirement for the installation of a power line, the requirement to offer rescission, and certain additional fines. The matter was apparently abated until appellate review was completed, as Browning did not file his answer thereto until June 1988. The answer denied the material allegations and asserted several affirmative defenses. On February 5, 1989, the circuit court granted the Division’s motion for summary judgment filed in October 1988. This final summary judgment ordered Browning to pay the civil penalties, fines, and costs, and ordered him to “offer to rescind ” on the 14 subdivision lots. Browning filed a motion for rehearing, which resulted in an “Amended Summary Final Judgment” entered on April 26, 1989. The amended judgment deleted the additional fines and added a provision that would allow Browning a $10,000 credit for the cost of power installation against his civil penalties if he arranged for installation of the main trunk power line within 90 days of the March 31, 1989, hearing. It also provided: “Pursuant to section 498.051 and 498.061, Florida Statutes, the Division had the legal authority to order Respondents to offer rescission of sales contracts as a remedy for Browning’s violation of Chapter 498, Florida Statutes.”
Browning admits that he did not install the power line within the stipulated 90 days and thus lost the $10,000 credit. In May 1989, he sent letters to the 14 original lot owners offering to rescind their purchases in accordance with the terms required by the Division. Six of the 14 purchasers accepted the offer, and pursuant thereto Browning entered into agreements, which he characterizes as a “purchase and sale agreement,” with each of these six parties. Browning asserts that each purchase and sale contract contained provisions requiring the lot purchaser to make an election of remedies upon default by Browning, i.e., demand either specific performance (carrying out the rescission contracts), or seek an award of damages for breach (not installing the power line). Browning contends that installation of the power line after these contracts were signed would obviously cure any conceivable damages resulting from the original sale, and would thereby render performance of the rescission contracts unnecessary.
The Division filed a motion for contempt on August 11, 1989, alleging that Browning had violated the amended judgment by failing to deposit moneys for the power installation as ordered and failing to close the rescission transactions. Browning there-upon paid for the installation of the power-line into the Suwannee Trails lots with his personal funds, and no hearing was held on the motion.
On October 13, 1989, the Division filed another motion to hold Browning in contempt for violating the terms of the amended judgment of April 26,1989, by failing to close the rescission transactions on the 14 lots. At the hearing on November 17, 1989, Browning tendered and immediately thereafter paid the full judgment amounts due the Division for civil penalties, interest, court costs, and attorneys’ fees. The Division, however, persisted in its efforts to have Browning held in contempt for not closing on the rescission agreements. At the conclusion of the hearing, the court entered an order making the following findings:
1. Respondent, Robert W. Browning, individually and as general partner in A.S.R.B., Ltd., has not complied with the portion of this court’s April 26, 1989, Amended Summary Final Judgment which required Respondent to refund the sales price and accrued interest to Su-wannee Trails Unit I lot purchasers who accepted Respondent’s ordered rescission offer.
2. This court finds that Respondent has no present financial ability to comply with the refund portion of this court’s order and therefore no willful contempt of this court’s order presently exists.
3. The repurchase contracts entered into between A.S.R.B., Ltd., and the six *191 (6) Suwannee Trails lot owners does not constitute compliance with this court’s final judgment.
4. The contracts entered into between A.S.R.B., Ltd., and the six (6) lot owners in no way abrogate either the Division’s or the individual lot owner’s right to seek enforcement of this court’s final judgment.
5. The Division remains free to seek discovery of Respondent Robert W. Browning’s financial information.
The motion for contempt was denied without prejudice to the Division’s right to refile at a later date. Both parties have appealed this order.
THE ISSUES ON APPEAL
Browning argues three interrelated points on his appeal, which can be summarized as follows. First, he argues that the Division’s order provides that installation of the powerline excuses any duty to rescind. The Division cannot ask the circuit court to impose a greater penalty than that provided in its administrative order, particularly where doing so would subject Browning to inconsistent penalties. Having compelled Browning to pay for installation of the powerline, the Division made an election, and must now allow Browning the benefit of that provision in its order excusing him from any further obligation to carry out rescission.
Second, he argues that the individual purchasers for whom the Division seeks rescission were never found to have been misled or injured in any way, and any conceivable injury was cured by Browning’s installation of the power line subsequent to the rescission offer and acceptance. The six lot owners are seeking a windfall benefit by selling property they no longer want to a buyer under duress. The statute cited by the Division clearly does not entitle them to enforce rescission based on the present record.
Finally, Browning argues, the circuit court erred in holding that the Division can enforce these private rescission contracts by contempt proceedings because no statute authorizes the Division to do so. Sections 498.051 and 498.061, Florida Statutes, cited by the court as authority for the Division to require a developer to offer rescission, do not authorize the Division to sue on the purchaser’s behalf after an offer is accepted and a rescission contract has been entered. Section 498.061, Florida Statutes, must be construed as exclusively creating a private rescission remedy, as the court held in Bloch Bros. Corp. v. Board of Business Regulation, 321 So.2d 447 (Fla. 2d DCA 1975), construing the identical predecessor statute. Even if the Division had authority to compel Browning to offer rescission, still it cannot assume the authority to enforce accepted offers by contempt proceedings, because enforcement of accepted offers is exclusively a private contract matter under these statutes.
The Division responds with the following arguments. Browning is barred by the principles of res judicata, collateral estop-pel, and waiver from attempting to seek, for a second time, appellate review of the legality and propriety of the administrative final order issued by the Division, or to substantively attack the Amended Final Summary Judgment entered by the circuit court which was not timely appealed. The Division had clear statutory authority to impose the civil penalties and order affirmative relief against Browning, and any claims to the contrary were made or waived by Browning at the time this court reviewed the Department’s final order. Similarly, any attack on the circuit court’s order enforcing the Division’s action have been waived by Browning since he did not appeal it.
In any event, the Division argues, it was the prevailing party and it may invoke the inherent contempt power of the circuit court to seek enforcement of that court’s lawful order. Browning’s subsequent action of offering rescission and entering into contractual agreements with third party purchasers may not later be interposed by him in an attempt to divest the Division of its ability to enforce the full remedy to which it has been found entitled by both this court and the circuit court.
*192 The Division further argues in support of its cross-appeal that the circuit court improperly based its ruling that Browning was not in contempt of court by finding that the state had not shown his financial ability to comply with the court’s order. The court’s ruling was also in error, the Division argues, because the weight of the evidence introduced at the hearing did not demonstrate that Browning did not have the ability to comply with the court’s order. Had the court looked to the totality of the Browning’s financial circumstances, a finding of contempt was supported by the record.
DISPOSITION OF BROWNING’S APPEAL
Although separated into three separate points on appeal, the essence of Browning’s argument, concisely stated, is that the remedy of rescission is personal to the purchaser under the terms of the applicable statutes, so that acceptance and enforcement of this remedy must be left to the election of the purchaser, not by the Division. Thus, he argues, only the purchaser, not the Division, is authorized to resort to the power of the court to seek enforcement of rescission and compel the developer to refund the purchase price, whether that procedure be an equitable court action directly against the developer to enforce a contractual right of rescission, or an action to enforce a judgment entered by the court pursuant to a proceeding under section 120.69, Florida Statutes, to enforce an administrative order requiring the developer to offer rescission.
In view of the present posture of the case, we need not determine whether the Division can or cannot resort to a section 120.69 proceeding to compel Browning to rescind the purchase transactions and refund the purchase price to all purchasers who accepted his offer of rescission. The Division has already petitioned the court for such an order, and the court has entered a final judgment on that petition. That judgment was not appealed and is now final and binding on Browning and the Division. Consequently, the only issue we must decide is whether the trial court, on an application to enforce judgment by its contempt proceedings, is authorized to compel the developer to refund the purchase price to the rescinding purchasers or whether each purchaser must personally seek enforcement before the court once they have accepted the developer’s offer to rescind. Resolution of this issue depends on the nature and extent of the remedy of rescission upon which the agency order and, consequently, the final judgment were entered in this case.
We likewise do not reach Browning’s second point, that under the presently existing circumstances the purchasers are not entitled to enforce rescission. Decision on that issue must await an enforcement proceeding initiated by the rescinding purchasers.
We start with the proposition that Browning and A.S.R.B., Ltd., sold subdivision lots before obtaining registration or exemption from registration under chapter 498, in violation of the requirements of section 498.023, Florida Statutes.[1] To remedy a violation such as this, the Division is authorized to “issue a cease and desist order,” and also to impose civil penalties and to invoke “any other appropriate remedy authorized by this chapter.” §§ 498.-049(3) and (4), Fla.Stat. The scope of the Division’s authority to issue the final order being enforced in this case is found in section 498.051. That section authorizes the Division, upon determination that a person has violated any provision of chapter 498 or has committed any of the other prohibited acts specified in section 498.-051(1), to issue an order requiring that person to cease and desist from such conduct, and also to require that person to take the affirmative action specified by the Division. Section 498.051(3) specifically provides that:
The affirmative action to be taken by a person pursuant to an order authorized by subsection (1) may include, but is not limited to:
*193 (a) Notifying any purchaser of subdivided land who has a rescission right pursuant to contract or pursuant to other provisions of this chapter that the purchaser may elect to rescind the purchase transaction as provided by contract or by other provisions of this chapter....
(b) Establishing a trust or escrow account in a financial institution located within this state to assure the payment of refunds to those purchasers who elect to rescind, or to assure the conveyance of clear and marketable title to those purchasers who do not elect to rescind, transactions.
The other provisions in chapter 498 giving a purchaser the right of rescission are found in section 498.061. The following portions of that section are pertinent:
(2) In addition to any other remedies, the purchaser may, upon tender of appropriate instruments of reconveyance made at any time before the entry of judgment, sue in a court of competent jurisdiction to recover the consideration paid for the lot, parcel, unit, or interest in subdivided lands, together with interest at the rate of 9 percent per year from the date of payment, property taxes paid, and court costs and reasonable attorney’s fees to the prevailing party, less the amount of any income received from the subdivided lands. When attorney’s fees are awarded under this section, the trial judge shall award the sum of reasonable costs incurred in the action plus a reasonable legal fee for hours actually spent on the case, as sworn to in an affidavit.
* ⅜£ ⅜ * * *
(6) Any sale or contract for sale of any interest in subdivided lands, which sale or contract is in violation of this chapter, is voidable by the purchaser, and the purchaser may, in addition to any other remedy provided by law, recover from the subdivider the total amount paid on the contract for sale by the purchaser and a reasonable attorney’s fee, if suit is brought and the purchaser prevails. No action shall be maintained to enforce any liability created under this section unless brought within 3 years after the discovery of the violation or after such discovery should have been made by the exercise of reasonable diligence. In no event shall any action under this subsection be brought more than 5 years after the date the purchaser made his first payment to the subdivider.
It is apparent, therefore, that once the developer has made an agreement to rescind with the purchaser, the applicable provisions in chapter 498 denominate the .purchaser as the proper party to resort to court action to enforce the agreement for rescission. A prevailing purchaser is protected against the expense of attorney’s fees and litigation costs incurred in such action. Chapter 498 does not contain authority for the Division to file suit in court to compel the consummation of an agreement for rescission made between the purchaser and the developer, and to so construe its provisions would exceed the authority delegated to the Division by statute. Bloch Brothers Corp. v. Board of Business Regulation, Dept. of Business Regulation, 321 So.2d at 448. In Bloch, the court held under similar facts that the Board did not have the statutory authority to enforce rescission on behalf of an individual purchaser pursuant to the provisions in section 478.191, Florida Statutes (1973), the predecessor statute to section 498.061, as that section provided an aggrieved purchaser full and adequate remedies. Agencies do not have the inherent power to enforce private consumer remedies unless that authority is clearly apparent from the statutes. See Railroad Commissioners v. Atlantic Coast Line R.R. Co., 56 Fla. 525, 47 So. 870 (1908); and Shell Oil v. State, 295 So.2d 648 (Fla. 3d DCA 1974) (state may not prosecute action parens patriae to seek restitution due private individuals in order to protect general health and welfare of the state).
The Amended Summary Final Judgment, which the Department asked the court to enforce through the exercise of its contempt power, never actually ordered rescission of any particular transaction. The amended judgment only stated that “[pursuant to section 498.051 and 498.061, Flor *194 ida Statutes, the [Department] had legal authority to order [appellant] to offer re-scission_” (emphasis added). While the amended judgment does order appellant to rescind within 60 days of [the lot purchasers’] request to rescind, that judgment does not recite that the Division has authority to compel consummation of the rescission agreement on behalf of a lot purchaser after he accepted Browning’s offer to rescind. Nor could the judgment validly have so provided, as such a provision would accord to the Division powers beyond that authorized by the statutes.
In reaching this conclusion, we do not intend to improperly limit an agency’s right to seek enforcement of its orders pursuant to section 120.69. We have been careful to circumscribe our holding in this case within the specific provisions in subsection 120.-69(2), providing that:
A petition for enforcement may request declaratory relief; temporary or permanent equitable relief; any fine, forfeiture, penalty, or other remedy provided by statute; any combination of the foregoing; or, in the absence of any other specific statutory authority, a fine not to exceed $1,000.
The agency order employed the remedy specified in section 498.051(3)(a) requiring Browning to offer rescission.[2] Browning having complied with this directive of the Division and the court’s amended judgment by offering rescission and entering into private rescission agreements with those accepting that offer, enforcement of those private agreements remains up to the purchasers as authorized in section 498.061.
Accordingly, we vacate that portion of the trial court’s order ruling that the Division has leave to obtain further enforcement of the Amended Final Summary Judgment through the exercise of the court’s contempt power by compelling specific performance of the private rescission agreements made between Browning and the purchasers pursuant to that judgment.
DISPOSITION OF THE DIVISION’S CROSS-APPEAL
In addressing the Division’s cross-appeal, we initially point out that even though affirmance on appellate review of the Division’s final administrative order of August 26, 1986, made the conditions and penalties therein imposed binding on both parties, nevertheless the appropriateness of those penalties could be reviewed by the circuit court in subsequent proceedings to enforce that order under section 120.69. It is now settled that an appellate court providing review of an administrative order pursuant to section 120.68 is not empowered to review the appropriateness of the penalties and change the amount or degree of the penalties ordered by the administrative agency except to the extent that the penalties exceed organic statutory authorization. Florida Real Estate Comm’n v. Webb, 367 So.2d 201 (Fla.1979).[3] In an enforcement proceeding pursuant to section 120.69, however, the circuit court is expressly authorized to adjudicate whether the penalty sought to be enforced is appropriate under the circumstances. § 120.69(5), Fla.Stat. (1989); State, Dept. of Environmental Reg. v. Brown, 449 So.2d 908 (Fla. 3d DCA), rev. denied, 459 So.2d 1039 (Fla.1984). Therefore, the circuit court in this case was empowered to decline enforcement of any condition or penalty imposed by the Division’s order that it found to be inappropriate in view of the circumstances shown to exist at the time the matter came before it, including changes occurring since the administrative order had been entered. *195 The trial court’s decision not to enforce certain conditions or penalties is thus a matter of discretion, and the applicable standard of appellate review is whether the court abused its discretion under the circumstances shown by the evidence.[4]
Regarding the Division’s first point, that the trial court erred in failing to shift the burden to Browning to prove his present inability to comply with the court’s final judgment after he had admitted failure to comply therewith, it appears from the record that Browning understood he had that burden and undertook to carry it to the court’s satisfaction. The court specifically stated that appellant had the burden of showing inability to carry out rescission and that appellant had met that burden: “Well, he has met the burden at this point.” There is no merit to this point.
Regarding the Division’s second point on cross-appeal, that the trial court erred in failing to hold Browning in contempt because the weight of the evidence presented at the hearing did not demonstrate his inability to comply with the rescission order, we likewise affirm. The exercise of the court’s contempt power is governed by equitable considerations. Fox v. Haislett, 388 So.2d 1261, 1265 (Fla. 2d DCA 1980). The circuit court considered the equities in this case and accepted as credible the evidence presented by Browning showing that he did not have the present financial ability to pay the refund amounts to the rescinding purchasers. The circuit court’s finding that the appellant lacked the present ability to carry out rescission, being supported by the record, was not clearly erroneous. State ex rel. Giblin v. Sullivan, 26 So.2d 509, 516, 26 So.2d 509 (1946).
AFFIRMED IN PART AND REVERSED IN PART.
ERVIN and ALLEN, JJ., concur.

. The 1985 statute was in effect at the time the Division filed its final order. All references to Florida Statutes in this opinion will be to the 1985 edition unless otherwise indicated.

. It is significant that the agency order did not require Browning and the partnership to establish a trust fund or escrow account to assure payment of refunds to purchasers electing to rescind as authorized by section 498.05l(3)(b). Such a provision would be susceptible to enforcement in court subject to the limitations set forth in section 120.69(2). This is the authorized method of protecting the purchasers rights of rescission, not specific enforcement of the rescission agreement on behalf of the purchaser in court.

. This principle, however, is not to be confused with the appellate court’s power in a section 120.68 review proceeding to determine whether an agency order modifying the hearing officer’s recommended penalty adquately complies with the requirements of section 120.57 that the agency state valid reasons and cite pertinent portions of the record justifying such modification. Department of Professional Regulation v. Bernal, 531 So.2d 967 (Fla.1988).

. Indeed, the trial court was entitled to consider the installation of the power line and resulting diminution in damage to the rescinding purchasers as bearing on the appropriateness of exercising the contempt power to enforce the agency’s order.