## STEINHARDT v PALM BEACH COUNTY and THE PALM BEACH COUNTY ENVIRONMENTAL CONTROL BOARD

Case No. AP 89-11869 AY

Fifteenth Judicial Circuit, Palm Beach County

April 16, 1991

### APPEARANCES OF COUNSEL

**Richard W. Espstein, Esquire,** Greenspoon & Marder, P.A., for petitioner.

**Kimberly A. Tendrich,** Assistant County Attorney, for respondent.

Before RODGERS, OFTEDAL, RAPP, JJ.

### OPINION OF THE COURT

PER CURIAM.

Petitioner was found to be in violation of Florida Administrative Code Rule 10D-9.21(1) when the rental apartment he owned was occupied but not provided with potable water. On May 2, 1989, Petitioner received written notice that failure to correct the violation within seven (7) days would result in a civil penalty of up to $500 a day being imposed. Failing to correct the violation within the prescribed time, Steinhardt was personally served on June 13, 1989, with a Notice of Non-Compliance, an Order To Show Cause, and a Notice of Hearing for July 13, 1989. The subject property was sold on June 1, 1989, and thereafter the new owner corrected the violation. Steinhardt thus believed he did not have to attend the July 13th hearing.

The Environmental Control Board, apprised that Steinhardt ceased to own the property as of June 1, found that the violation existed from May 9 (seven days after receiving the notice of violation) until May 31, 1989. The maximum penalty of $500 a day for twenty-two days for a total fine of $11,000 was imposed. There was some discussion among the Board members that if Steinhardt had been there to explain his side, i.e., that the occupant was there illegally or other mitigating circumstances, a lower fine would have been imposed. Petitioner requested a rehearing but his request was denied.

We find that under the circumstances presented the denial of petitioner's request for a rehearing was inappropriate. *See State Dept. of Environmental Regulation v Brown*, 449 So.2d 908 (Fla. 3d DCA 1984), *pet. for review denied*, 459 So.2d 1039 (Fla.). The decision of the Environmental Control Board is affirmed in so far as it found Petitioner had violated Fla. Admin. Code Rule 10D-9.21(1). However, we remand to the agency for Petitioner to present evidence in mitigation of the fine.

RODGERS and OFTEDAL, JJ., concur.

RAPP, J., dissents with opinion.

RAPP, J., dissenting.

I respectfully dissent from that portion of the opinion which disallows petitioner's request for a full rehearing of the matter.