NORTHCUTT, Judge.
126th Avenue Landfill challenges a summary final judgment awarding civil penalties to the Department of Environmental Protection. We reverse and remand for further *3 proceedings because we conclude that the trial court should have considered whether the remedy the department sought was inappropriate. See § 120.69, Fla. Stat. (1995).
In August 1992, the landfill and the department entered into a consent order under which the landfill agreed to pay a civil penalty of $15,000 for various violations of statutes and regulations that occurred before May 18, 1992. The landfill was to make equal quarterly payments toward the penalty, in November 1992 and in February, May and August, 1993. If the landfill failed to make any payment within five days of its due date, it would incur an additional $100 a day penalty. It did not make the May payment until August 18, 1993, and it never made the August payment.
The department sued the landfill, seeking payment of the $3,750 remaining due on the original penalty, and late charges of approximately $134,000.[1] The landfill asserted two affirmative defenses, based on the fact that it had been effectively shut down in May 1993 after Pinellas County refused to renew its operating permit. It first contended that Pinellas County, which received a portion of the civil penalty agreed to. in the consent order, was essentially a party to the agreement. The landfill argued that because Pi-nellas County had withheld renewal of the landfill’s permit, it created a conflict between governmental entities, that is, the county and the department, which precluded the department from enforcing the consent order. The landfill also claimed that the order contemplated that the landfill would continue operating, and therefore, when Pinellas County declined to renew its permit, its obligation to pay the penalty terminated. On appeal, the landfill argues that these defenses should have precluded summary judgment in favor of the department. We disagree.
At the hearing, however, the landfill also argued that the court could determine whether the penalties were “inappropriate” Under section 120.69,- Florida Statutes (1995).[2] The court concluded that because the penalties were based on an agreed consent order, it could not question their appropriateness. The cases on which the landfill relied, Browning v. Department of Business Regulation, Div. of Florida Land Sales, Condominiums and Mobile Homes, 574 So.2d 188 (Fla. 1st DCA 1991) and State, Department of Environmental Regulation v. Brown, 449 So.2d 908 (Fla. 3d DCA 1984), both concerned administrative orders, not consent orders. Both cases held that in an enforcement proceeding, section 120.69 expressly authorizes the court to review whether a penalty is inappropriate, that is, unsuitable under the existing conditions.
On appeal, the landfill again relies on Browning and Brown. It points out that the consent order itself provided that “[t]he terms and conditions as set forth in the Consent Order may be enforced in a court of competent jurisdiction pursuant to Sections 120.69 and 403.121, Florida Statutes.” Moreover, the department’s complaint stated that it was brought pursuant to section 120.69. The department claims that Morales v. Metropolitan Dade County, 652 So.2d 925 (Fla. 3d DCA 1995), supports its position that the trial court had no discretion in the matter because the penalties were agreed to in the consent order. See also Metropolitan Dade County v. Edol Corp., 661 So.2d 422 (Fla. 3d DCA 1995). Although both those decisions held that a court must assess the penalty stated- in a settlement agreement, neither discussed section 120.69. In neither case was there statutory authority for the court to exercise discretion. Here, the consent order specifically provided that section 120.69 would govern its enforcement. We hold that the parties’ agreement gave the court the discretion to determine whether the remedy sought was inappropriate.
*4 The circuit court did not hear testimony on the inappropriateness of the remedy because it believed section 120.69 was inapplicable to a consent order. We reverse and remand for further proceedings on the issue whether the remedy sought by the department was inappropriate.
Reversed and remanded for proceedings consistent with this opinion.
PATTERSON, A.C.J., and FULMER, J., concur.

. The department also sought other remedies, but they are not relevant to this appeal.

. The relevant portion of section 120.69, Florida Statutes (1995) provides:
(5) in any enforcement proceeding the respondent may assert as a defense the invalidity of any relevant statute, the inapplicability of the administrative determination to the respondent, compliance by the respondent, the inappropriateness of the remedy sought by the agency or any combination of the foregoing—